UNITED STATES of America, Appellee,

v.

Charles SIMMONS,
Defendant-Appellant.

No. 1083, Docket 84–1445.

United States Court of Appeals,
Second Circuit.

Argued April 22, 1985.

Decided May 31, 1985.

Robin Charlow, The Legal Aid Society, Federal Defender Services Unit, New York City, for defendant-appellant.

Robert Gage, Asst. U.S. Atty., S.D.N.Y., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Stacey J. Moritz, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before FEINBERG, Chief Judge, and FRIENDLY and NEWMAN, Circuit Judges.

FEINBERG, Chief Judge:

Charles Simmons appeals from a judgment of conviction, entered in the United States District Court for the Southern District of New York, before Judge Thomas P. Griesa, after appellant's conditional guilty plea to the charge of possession of heroin with intent to distribute, 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A). In pleading guilty, Simmons expressly reserved his right to appeal both the denial of his motion to dismiss under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the denial of his motion to suppress certain evidence. He was then sentenced to five years imprisonment and a three-year special parole term. For the reasons stated below, we remand for further findings on appellant's Speedy Trial Act claim and affirm as to his remaining claims.

## I. Facts

On March 28, 1984, appellant Simmons and two others, Albert Thrower and Robert Moore, were arrested in connection with the sale of a small quantity of heroin to an undercover police officer. The following day, Simmons appeared before a United States Magistrate on a complaint charging him with possession of heroin with intent to distribute. The complaint was sworn to by arresting officer William Grogan, who asserted that the undercover officer told him the following: The undercover officer approached two men (Moore and Thrower) on the street and asked where he could buy "a half," which is a package of heroin that sells for $20. The two men told the undercover officer to wait outside a game room while they went inside. The officer watched them go into the game room and engage in a brief conversation with Charles Simmons. (According to testimony elicited at the suppression hearing, the game room had both a glass window and a glass door.) Moore and Thrower then left the game room, returned to the undercover officer and handed him a glassine envelope containing what later proved to be heroin. Shortly thereafter, the undercover officer described Simmons, as well as Moore and Thrower, to officer Grogan. Grogan then went to the game room and arrested Simmons, discovering six glassine envelopes of heroin in Simmons' possession.

Simmons was indicted in three counts on April 9, 1984, subsequent to his appearance before the Magistrate. Accordingly, section 3161(c)(1) of the Speedy Trial Act mandated that Simmons' trial begin within seventy days of April 9, unless time was excluded pursuant to 18 U.S.C. § 3161(h). On June 14, 1984, Simmons filed a pretrial motion asserting that he had been arrested without probable cause and that the heroin found in his possession and certain pretrial statements should therefore be suppressed.

The speedy trial "clock" was thus stopped after sixty-five days had elapsed.[1] 18 U.S.C. § 3161(h)(1)(F). The return date of the suppression motion was June 28; on June 29 the government requested and, with the concurrence of defense counsel, was granted until July 3 to file a reply. The government did not file its response until July 13, to which Simmons replied on August 1. On August 21, the government filed its response to Simmons' August 1 letter.

One month later, at a pretrial conference held on September 21, 1984, the district court scheduled a hearing on the suppression motion for October 2. At the same conference, Simmons' counsel stated his "intention to file a motion to dismiss for violation of the Speedy Trial Act." After the parties orally recounted the timing of the relevant motion practice, the district court noted that "nobody moved like lightning, but nobody was really dragging their feet." And while the court stated that it did not think the Act had been violated, it also suggested the possibility of "further discussion of a Speedy Trial motion" after the suppression hearing.

After an additional delay of a week at the instigation of the court for reasons unexplained in the record, the suppression hearing was held on October 9, 117 days after the motion to suppress was filed. Over defendant's objection that the undercover officer should testify, the government presented the testimony of Grogan, the arresting officer. The defense called no witnesses in support of the motion, relying principally on an affidavit submitted by Simmons with the motion to suppress and on post-arrest statements made by Moore and Thrower exonerating Simmons. At the close of the October 9 suppression hearing, the district court denied Simmons' motion, concluding that the arrest had been supported by probable cause.

---

**1.** In calculating the clock's 70 days from indictment to trial, neither the date of the indictment nor the date on which a motion is filed is counted. *See United States v. Severdija*, 723 F.2d 791, 793 (11th Cir.1984); *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir.1984); Administrative Office of the United States Courts, Speedy Trial Advisory Issuance # 32, Speedy Trial Chart A (Dec. 19, 1981). The first day of Simmons' 70 days was therefore April 10. June 14, the date of the suppression motion, was the first excludable day.

On October 10, the court and counsel further discussed the speedy trial question. Although both the court and the government apparently assumed that "four or five days" still remained on the speedy trial clock, the court never expressly denied appellant's motion to dismiss. On October 12, Simmons entered a plea of guilty to Count Three of the three-count indictment, which charged him with possession of heroin with intent to distribute. He expressly conditioned his plea on the right to appeal both the denial of the suppression motion and the denial of the motion to dismiss under the Speedy Trial Act. Simmons was sentenced on December 7, 1984, and this appeal followed.

On appeal, Simmons argues that (1) he was not brought to trial within the time limits of the Speedy Trial Act and his indictment must therefore be dismissed; [2] (2) his arrest was not supported by probable cause and the district court therefore erred in denying his motion to suppress; and (3) the prosecutor "intimidated" potential defense witnesses, depriving Simmons of his due process rights.

## II. SPEEDY TRIAL

█ When Simmons filed his motion to suppress on June 14, 1984, just five days remained on his seventy-day speedy trial clock. The motion was denied on October 9, 1984, and three days later, on October 12, Simmons entered his conditional guilty plea. Simmons' speedy trial claim turns on whether the period from June 14 to October 9 is excludable pursuant to 18 U.S.C. § 3161(h)(1)(F), which excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." If the entire period is excludable, as the government contends it is, then Simmons pled guilty on the sixty-eighth day of his speedy trial clock, and the Speedy Trial Act was not violated; if three or more days of that period are not properly excludable, however, Simmons was not brought to trial within the mandated seventy days and his indictment must be dismissed.

In *United States v. Cobb,* 697 F.2d 38, 44 (2d Cir.1982), we held that under section 3161(h)(1)(F),

> the period of allowable excludable delay applicable to a pretrial motion begins automatically with the making of the motion and runs for a period of time that is "reasonably necessary" to conclude a hearing or to complete the submission of the matter to the court for a decision. Under this view, long postponements of hearing dates, unless reasonably necessary, would not qualify as excludable time, nor would unnecessarily long extensions of time for the submission of papers.

Recognizing that many considerations, some not likely to be disclosed in the record, might induce the district judge to defer the suppression hearing, we held further that it is the district judge who must in the first instance determine whether under all the circumstances the period of delay was reasonably necessary for processing the motion. This conclusion requires us to reverse and remand to the district court for that purpose.

*Id.* at 44–45. *See also United States v. Mitchell,* 723 F.2d 1040, 1047 (1st Cir.1983); *United States v. Janik,* 723 F.2d 537, 543 (7th Cir.1983); *United States v. Novak,* 715 F.2d 810, 820 (3d Cir.1983); *cert. denied,* — U.S. ——, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984). Appellant contends that most of the period from June 14 to October 9 was not "reasonably necessary" for processing his relatively straightforward motion to suppress. While noting the government's slowness to respond to his June 14 and August 1 submissions—the response took 29 days in the former instance and 20 in the latter—appellant emphasizes the delay between August 21 and October 9, dur-

---

**2.** Citing the factors enumerated in 18 U.S.C. § 3162(a)(2), appellant argues that the indictment should be dismissed with prejudice. In view of our decision to remand this portion of the case for further findings, we need not now address this contention. *Cf. United States v. Tunnessen,* 763 F.2d 74, 79 (2d Cir.1985).

ing which no papers were filed by either party. The government answers that because the suppression motion was "vigorously contested" by both sides, the entire period was "reasonably necessary." Indeed, the government contends that it was because of the extensive briefing that the district court was able to hold the hearing and decide the motion in just one day. Our ability to evaluate these competing positions is hindered by the district court's failure to rule explicitly on Simmons' speedy trial motion. Although Judge Griesa apparently did deny the motion, he did not make the findings contemplated by *Cobb, supra,* 697 F.2d at 44–46. The court's statement that "nobody was really dragging their feet," while perhaps a ruling that neither counsel had been dilatory, does not constitute a finding that the period from June 14 to October 9 was "reasonably necessary" for processing the motion.

Unlike the determination that time will be excluded from the speedy trial clock based on the "ends of justice," 18 U.S.C. § 3161(h)(8)(A), which we have held must be made prospectively, *see United States v. Tunnessen,* 763 F.2d 74 (2d Cir. 1985), the finding that a particular time period was "reasonably necessary" for the processing of a motion is by its nature retrospective. In this case, the district judge should have made the findings contemplated by *Cobb* at the time he denied the motion to dismiss. As *Cobb* itself indicates, however, his failure to do so is remediable, as long as the time was in fact reasonably necessary. *See Cobb, supra,* 697 F.2d at 46. Accordingly, we remand this portion of the case to Judge Griesa to make appropriate findings, either upon the record as it now stands or, in his discretion, upon receipt of further evidence.

Here, as in *Cobb,* "[w]e do not mean to suggest that a specific determination must be made on each pending motion as to whether the time involved is reasonably necessary to bring it to hearing or other prompt disposition." 697 F.2d at 46 n. 8. Most motions will follow a reasonably expeditious course and automatically qualify for exclusion under section 3161(h)(1)(F), with-

out the need for explanation. But where there are extended periods of time between filing and hearing or submission of pretrial motions, and these periods are made the basis of a Speedy Trial Act motion, the district court must state its reasons for excluding such time as "reasonably necessary." Should either party appeal from Judge Griesa's further findings and holding with respect to appellant's speedy trial claim, this panel will hear the appeal, if practicable.

### III. Motion to Suppress

■ In concluding that appellant's arrest had been supported by probable cause, the district court had in the record before it the following sequence of events: (1) the undercover officer had a conversation with Moore and Thrower in which he indicated his desire to purchase a quantity of heroin; (2) Moore and Thrower then took the undercover officer to the game room and told him to wait outside; (3) Moore and Thrower went into the game room and spoke with appellant; and (4) Moore and Thrower then left the game room, returned to the undercover officer and produced a package of heroin. The court expressly declined to rely on Grogan's testimony that the undercover officer told Grogan that he saw Simmons pass Moore a glassine envelope. Viewed "practically and in a commonsense fashion," *United States v. Travisano,* 724 F.2d 341, 346 (2d Cir.1983), these facts established probable cause to believe that Simmons provided the heroin sold to the undercover officer.

Against all this appellant denies participation in the transaction in question and notes that there was another man in the game room, apparently the storekeeper, who might have supplied the heroin to Moore and Thrower. According to appellant, Moore and Thrower first spoke with the storekeeper, who told them to play or leave the premises. Appellant claims that his only contact with the two men was simply to repeat the storekeeper's instructions. But the only suggestion in the record that Moore and Thrower spoke to

anyone in the game room but appellant comes in appellant's own affidavit. It would not have been improper for Judge Griesa to refuse to credit appellant's self-serving statement; nor would it have been erroneous to find that, even if Moore and Thrower had spoken with the storekeeper, who apparently was behind a glass partition, there was probable cause to believe that they had obtained the drugs from Simmons. The facts relied on by Judge Griesa were sufficient to constitute probable cause. Accordingly, the motion to suppress was properly denied.

## IV. PROSECUTORIAL MISCONDUCT

 Appellant's final claim is that his conviction should be reversed because the prosecutor engaged in "impermissible intimidation of the defendant and his potential witnesses." Specifically, appellant claims that the prosecutor intimidated Moore and Thrower into not testifying by warning them, through counsel, that they would be committing perjury if they testified so as to exonerate appellant and that any perjury would meet with punishment. Citing *Webb v. Texas*, 409 U.S. 95, 98, 93 S.Ct. 351, 353, 34 L.Ed.2d 330 (1972), appellant contends that this conduct constituted a due process violation. Whatever the merits of this claim, *cf. Bruno v. LaVallee*, 584 F.2d 590, 593 (2d Cir.1978), we agree with the government that the issue was not properly preserved by the conditional guilty plea.

We have repeatedly held that the entry of a conditional guilty plea preserves only the specifically mentioned issues and waives all other nonjurisdictional claims. *See United States v. Pinto-Mejia*, 720 F.2d 248, 255 (2d Cir.1983) (citing cases). As framed by appellant's counsel, the only issues preserved for appellate review in this case were "the denial of the motion to suppress, and ... the speedy trial issue." No mention of prosecutorial misconduct was made in connection with the guilty plea. Nor does appellant now claim that his allegations about the prosecutor's conduct reflect a nonwaivable jurisdictional defect. Instead, appellant argues that because the alleged misconduct deprived him of the testimony of witnesses who might otherwise have testified at the suppression hearing, this claim "is necessarily subsumed within the District Court's ruling on the suppression motion." But the claim of prosecutorial misconduct plainly stands apart from the motion to suppress for lack of probable cause. As we stressed in *Pinto-Mejia, supra,* in the context of conditional guilty pleas, we "expect the parties to use care and precision in framing the issues to be preserved for appeal." 720 F.2d at 256. The claim of prosecutorial misconduct was not properly preserved for the purposes of this appeal.

For the foregoing reasons, the judgment of the district court is affirmed in part and remanded in part for further findings.