UNITED STATES of America, Appellee,

v.

Charles SIMMONS,
Defendant-Appellant.

No. 688, Docket 86–1432.

United States Court of Appeals,
Second Circuit.

Argued Jan. 26, 1987.

Decided March 2, 1987.

Phylis Skloot Bamberger, The Legal Aid Society, New York City, for defendant-appellant.

Kenneth Roth, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Robert Gage, Asst. U.S. Atty., New York City, on the brief), for appellee.

Before NEWMAN, CARDAMONE and WINTER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal presents the issue whether the Southern District of New York Plan for Prompt Disposition of Criminal Cases ("Southern District Plan" or "Plan") requires dismissal of an indictment for pretrial delay in a case in which such delay does not violate the Speedy Trial Act. The issue arises on an appeal by Charles Simmons from a judgment of the District Court for the Southern District of New York (Thomas P. Griesa, Judge). Because we hold that the Southern District Plan does not require dismissal of an indictment in any case in which dismissal would not be required by the Speedy Trial Act, we affirm the judgment of the District Court.

## Background

This case has been the subject of two prior opinions of this Court, *United States v. Simmons*, 763 F.2d 529 (2d Cir.1985) ("*Simmons I*"), and *United States v. Simmons*, 786 F.2d 479 (2d Cir.1986) ("*Simmons II*"). Familiarity with both opinions will be assumed.

To summarize the pertinent facts, which are detailed in *Simmons II*, on April 9, 1984, Simmons was charged with committing various drug trafficking crimes, thus starting the Speedy Trial Act ("Act") 70–day clock measuring the time for commencement of trial. 18 U.S.C. § 3161(c)(1) (1982). On June 14, after 65 of the 70 days

had elapsed, Simmons moved to suppress heroin found in his possession and statements made after his arrest, claiming that the arrest was not based on probable cause. Because of the leisurely pace at which briefs were filed, a one-month lapse between the completion of briefing and the motion conference, and a postponement of the date of the hearing, Simmons' suppression motion was not heard until October 10, 1984, 117 days after the motion was filed. On October 12, 1984, Simmons entered a guilty plea, reserving his claims of unlawful arrest and unreasonable pretrial delay. Excluding time for the processing of the suppression motion, a total of 67 days elapsed between the filing of the indictment and the entering of the plea.

Simmons appealed, challenging the denial of the suppression motion and, under the Speedy Trial Act, the pretrial delay. We affirmed Judge Griesa's denial of Simmons' suppression motion, but remanded Simmons' Speedy Trial Act claim for findings in light of *United States v. Cobb*, 697 F.2d 38, 44 (2d Cir.1982) (only period of time "reasonably necessary" for processing pretrial motion excludable from Speedy Trial Act's 70–day pretrial period). *Simmons I, supra*, 763 F.2d at 531–33. On remand, Judge Griesa determined that all of the time for processing the suppression motion was reasonably necessary.

We reversed this determination in *Simmons II*, holding that at least three of the 117 days for processing the suppression motion were not "reasonably necessary" and that the delay in Simmons' case therefore exceeded the 70–day period allowable under the Speedy Trial Act. Soon after our decision was filed, the Supreme Court held that the Speedy Trial Act does not impose a "reasonably necessary" requirement on exclusions of time for pretrial motions from the Act's 70–day pretrial period, *Henderson v. United States*, — U.S. ——, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 299 (1986). Upon the Government's motion for rehearing, we vacated our decision in *Simmons II* and remanded to the District Court for reconsideration in light of *Henderson*. On remand, Judge Griesa found that the pretrial delay did not violate the Southern District Plan and hence refused to dismiss Simmons' indictment.

## Discussion

The Speedy Trial Act requires that criminal trials be commenced within 70 days of the filing of an indictment. 18 U.S.C. § 3161(c)(1). Section 3161(h)(1)(F) excludes from this 70–day period "delay resulting from any pretrial motion." In *Henderson v. United States, supra,* the Supreme Court held that the Speedy Trial Act does not restrict the length of time for processing pretrial motions, rejecting the claim that section 3161(h)(1)(F) excludes only such time as is "reasonably necessary." *Id.* 106 S.Ct. at 1876. In reaching this conclusion, the Court acknowledged that Congress specifically recognized in the legislative history of the Act that subsection (F) could become a loophole if there were no standards or guidelines for the prompt disposition of motions. In the Court's view, however, Congress placed the responsibility for establishing such standards and guidelines on the circuit and district courts. *Id.* at 1875.

The Supreme Court's decision in *Henderson* makes clear that the pretrial delay in Simmons' case did not violate the Speedy Trial Act. With all of the delay attributable to the processing of the suppression motion excluded, Simmons' guilty plea was entered within 70 days of the filing of the indictment.

We must now determine whether the pretrial delay in Simmons' case requires dismissal under applicable local rules. In 1980, pursuant to the requirements of Rule 50(b) of the Federal Rules of Criminal Procedure, the Speedy Trial Act of 1974 and the Speedy Trial Act Amendments Act of 1979, 18 U.S.C. §§ 3161–3174 (1982), and the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5036, 5037 (1982), the judges of the Southern District of New York adopted the Southern District of New York Plan for Prompt Disposition of Criminal Cases. Rule 4 of the Plan limits the time within which criminal trials must commence following the date an indictment is filed in the

Southern District of New York. Rule 4(f)(2) provides:

> The court shall have sole responsibility for setting cases for trial after consultation with counsel. The court shall, as soon as practical, after consultation with counsel, set each case for trial on a day certain or list it for trial on a weekly or other short-term calendar.

Rule 4(f)(5) provides:

> All pretrial hearings shall be conducted as soon after the arraignment as possible, consistent with the priorities of other matters on the court's criminal docket.

■ While these provisions limit in general terms the time for processing pretrial motions, Rule 10(a) of the Southern District Plan clearly states that the Plan does not require dismissal where the Speedy Trial Act has not been violated.

> *Dismissal or Release from Custody.* Failure to comply with the requirements of Title I of the Speedy Trial Act [18 U.S.C. §§ 3161–74] may entitle the defendant to dismissal of the charges against him or to release from pretrial custody. *Nothing in this plan shall be construed to require that a case be dismissed or defendant released from custody in circumstances in which such action would not be required by 18 U.S.C. §§ 3162* [the sanctions provision of the Speedy Trial Act] *and 3164* [concerning custody].

(Emphasis added). Accordingly, we conclude that the Southern District Plan does not require dismissal of the indictment against Simmons. Since the sanction of dismissal would not be required even if the Southern District Plan was violated, we consider it unnecessary to decide whether Judge Griesa erred in finding that the Plan was not violated.

Simmons contends that this reading of Rule 10(a) is inconsistent with sections 3165 and 3166 of the Speedy Trial Act, which, he asserts, require district courts to impose sanctions for all violations of their plans for prompt disposition of criminal cases. While section 3166 requires that district court plans include information concerning the invocation of sanctions for noncompliance, there is no basis to conclude, particularly after *Henderson,* that a district court's plan must include the sanction of dismissal for any violations of plan requirements that are more stringent than the substantive provisions of the Speedy Trial Act.

Simmons contends that, unless the Plan includes the sanction of dismissal for violation of its limits, including limits imposed by general language, the Plan will have no meaning, and the salutary purposes of sections 3165 and 3166 of the Act will be thwarted. We disagree. Even without the sanction of dismissal, the Southern District Plan's provision for the prompt processing of pretrial motions serves at least two purposes. First, it establishes the procedure that the judges of the Southern District have agreed to impose upon themselves. Second, it provides the basis, in appropriate circumstances, for a motion by either side to expedite the processing of a pretrial motion so that the standards of the Plan will be met. The absence of the ultimate weapon of dismissal does not mean that the pretrial provisions of the Plan are valueless.

■ Simmons urges us to use our supervisory power over the administration of criminal justice to dismiss the indictment in this case for undue delay in processing. *See United States v. Furey,* 514 F.2d 1098, 1102–03 (2d Cir.1975). We note initially our caution in exercising this extraordinary power where laws and rules specifically designed to prevent pretrial delay do not require dismissal. *See United States v. Payner,* 447 U.S. 727, 734–37, 100 S.Ct. 2439, 2445–47, 65 L.Ed.2d 468 (1980); *cf. Hilbert v. Dooling,* 476 F.2d 355, 363 (2d Cir. (Friendly, J., dissenting), *cert. denied,* 414 U.S. 878, 94 S.Ct. 56, 38 L.Ed.2d 123 (1973). Moreover, as the cases indicate, this power has been exercised principally with regard to egregious instances of prosecutorial delay. *See United States v. Furey, supra,* 514 F.2d at 1102–03; *cf. United States v. Myers,* 692 F.2d 823, 847 (2d Cir.1982), *cert. denied,* 461 U.S. 961, 103 S.Ct. 2437, 77 L.Ed.2d 1322 (1983). The present case, by contrast, involved a long,

though not extreme, delay attributable to the District Court's handling of the case. *See Simmons II, supra,* 786 F.2d at 483. In light of these considerations, we conclude that the delay was not sufficiently serious to justify dismissal of the indictment under our supervisory power.

Affirmed.