UNITED STATES of America,

v.

**Elias GIAGOUDAKIS and Ruth Giagoudakis, Defendants.**

No. CR–86–477.

United States District Court,
E.D. New York.

March 17, 1987.

Tanya Y. Hill, Asst. U.S. Atty., for U.S.

Stephen Cooper, New York City, for defendant Ruth Giagoudakis.

Gerald McMahon, New York City, for defendant Elias Giagoudakis.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

The defendants, Elias and Ruth Giagoudakis, move pursuant to § 3162(a)(2) of the Speedy Trial Act, to dismiss the indictment against them on the ground that they were not brought to trial within the time limit required by 18 U.S.C. § 3161(c). In order to fully understand the instant application, it is necessary to detail the procedural facts on which the defendants base their motion.

On June 10, 1986, the defendants were arrested by agents of the Drug Enforcement Administration for their alleged involvement in a conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, § 841(b)(1)(B)(i) and for distributing cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B). On June 11, 1986, the defendants were arraigned before Magistrate Caden and each defendant was released on a $150,000 personal recognizance bond. The Grand Jury handed up an indictment that charged the defendants with the aforementioned crimes on July 1, 1986. That indictment was filed with the Clerk of the Court the following day and the case was assigned to Judge Nickerson. The defend-

ants first appeared before Judge Nickerson on July 15, 1986. At that time they entered pleas of not guilty, bail was continued on the conditions set by Magistrate Caden, and the next status conference was scheduled for August 22, 1986. At that conference, the following exchange between the Court and counsel took place:

THE COURT: What is the status of this case?

MR. O'SHEA (A.U.S.A.): Your Honor, the government has written a discovery letter that it has today some items which the defense may want to look at which we will turn over to them. We are up against a speedy trial date of September 9.

THE COURT: I think I better send this to the wheel then.

MR. McMAHON (Atty. for Defendants): Well, Your Honor, I understand that Mr. Cooper has submitted motions with respect to suppression of physical evidence. I intend to submit motions.

THE COURT: So, I think I better refer you to the wheel. I mean I put it to this point in case you were going to dispose of it, I didn't want to inflict it on another judge but since you haven't had the discovery and all, I think I will send it to the wheel ...

Immediately following this conference before Judge Nickerson, Steven Cooper, the attorney for Ruth Giagoudakis, served Sean O'Shea, the government attorney then assigned to the case, with a Notice of Motion to suppress physical evidence. According to Mr. O'Shea, service of this Notice of Motion occurred in the hall outside the courtroom. Mr. Cooper asked Mr. O'Shea if he would be good enough to accept service in the hall, and Mr. O'Shea agreed to do so. (1/14/87 at 8–9).

The Notice of Motion was dated August 19, 1986. It indicates that copies were sent to Judge Nickerson, Sean O'Shea, all defense counsel, and the Clerk of the Court. It appears from the docket sheet, however, that this motion was never filed with the Clerk of the Court.

The docket sheet reflects that the case was reassigned to this court by a memoran-

dum dated September 10. That docket entry was made on September 18. On the following day, (September 19) the case was first called before this court and the following exchange took place:

THE COURT: Good morning. Okay. What is this one?

MR. O'SHEA: Judge, this case has been reassigned to Your Honor from Judge Nickerson who is involved in the lengthy trial before him. Essentially we have not really done anything of note on the case except to engage in some preliminary discussions regarding discovery. I suppose it should be set on for a motion date and for trial.

THE COURT: Okay. And do you have anything to say about that?

MR. McMAHON: I agree, Your Honor. We have received—I submited and Mr. Cooper submitted a discovery letter. We received a response which was minimally responsive to the discovery letter.

THE COURT: Do you have—I don't have the indictment. What is the charge?

MR. McMAHON: Cocaine conspiracy and one count of distribution, Your Honor.

THE COURT: All right. When do you want a trial, sometime in October.

MR. COOPER: Your Honor, if I may, I can't answer that question yet but regarding the declarations of the U.S. Attorney, you should be advised that I served the U.S. Attorney with motion papers to suppress the physical evidence in this case on August 22 although Your Honor hasn't received them since this is Your Honor's first time having it on the calendar.

I know of no particular reason why the last 30 days have been wasted and would like a response. I would ask that Your Honor receive the Grand Jury minutes as as soon as possible and that the U.S. Attorney's responses are in so perhaps we can conduct—

THE COURT: Am I suppose to examine the Grand Jury minutes in camera?

MR. O'SHEA: I don't know what counsel is speaking about. If there needs to be a suppression hearing.

THE COURT: We have that immediately before the selection of the jury.

MR. O'SHEA: I don't know that Your Honor needs responses from the U.S. Attorney or review of Grand Jury minutes.

MR. COOPER: Are you consenting to the suppression hearing then?

MR. O'SHEA: That is your burden.

THE COURT: I'll tell you how I handle my court. You want a suppression hearing, you state it in a letter to both the U.S. Attorney and myself what the issue is, what you want to have suppressed. Then I will look at it. Then I will ask you prior to the selection of the jury whether you wish to have that hearing. If so, I will advise them and they will bring the people in to make such statements. That is all.

MR. COOPER: I understand.

THE COURT: Simple as all that. It doesn't have to be a long drawn out thing.

MR. COOPER: I already had the motion filed. I will file it along with the letter. The letter may be briefer and easier to understand than the motion papers.

At this conference, the case was next scheduled to be called, for all purposes, on October 21, 1986. (Although the docket sheet indicates that the next date was October 20, the transcript reveals that the court set the next calendar call for the following day at the request of defense counsel. (9/19/86 at p. 9)). That date was adjourned until November 10, 1986, though the record does not reveal why. In the interim, however, this court received a letter dated October 28, 1986, from Mr. Cooper, requesting the suppression of physical evidence seized from Ruth Giagoudakis. The letter of the 28th indicates that copies were sent to co-defense counsel and to Mr. O'Shea. The letter was not filed with the Clerk of the Court, nor was any Notice of Motion to suppress evidence filed with the Clerk's Office.

When the case was called on November 10, 1986, Mr. McMahon, the attorney for Elias Giagoudakis, requested a hearing with regard to the suppression of statements made by the defendants and with regard to the physical evidence seized from Ruth Giagoudakis.

DISCUSSION

1. Start of the Speedy Trial Clock

Title 18 U.S.C. Section 3161(c)(1) provides in pertinent part that:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Elias and Ruth Giagoudakis were arrested on June 10, 1986. They were arraigned before Magistrate Caden on the following day. An indictment was handed up against the defendants on July 1, 1986, and both defendants plead not guilty to the indictment on July 15, 1986 when the case was first called before Judge Nickerson.

 This court determines that the statutory 70 day period commenced the day the defendants first appeared before Judge Nickerson and entered pleas of not guilty. *See United States v. Nixon,* 779 F.2d 126, 130 (2d Cir.1985); *United States v. Simmons,* 763 F.2d 529, 530 n. 1 (2d Cir.1985).

2. Excludable Periods

The defendants argue that the Speedy Trial clock was tolled only on November 10, 1986 when they requested time to make motions to suppress. Letter Memorandum of Jan. 6, 1987 at p. 2. The defendants submit further that none of the 117 days between that date and the date the not guilty pleas were entered are excludable. *Id.*

This court cannot agree with either of those contentions. Title 18 U.S.C. § 3161(h)(1)(F) provides that an excludable

period of delay may result "from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" As the Court of Appeals for the Second Circuit held in *United States v. Cobb*, "an oral motion to suppress made on the record in advance of trial is a 'pretrial motion' that has been 'filed' within the meaning of subsection (F)." 697 F.2d 38, 43 (2d Cir.1982). *See also United States v. Nixon*, 779 F.2d 126, 130 (2d Cir.1985).

The statements made by Mr. Cooper on behalf of Ruth Giagoudakis when the case was first called before this court on September 19, 1986, were clearly a "pretrial motion that [had] been 'filed' within the meaning of subsection (F)." Thus, the statutory period was tolled on that date, and any time that transpired between the making of the motion and the conclusion of the suppression hearing is excludable under 18 U.S.C. § 3161(h)(1)(F). *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 299 (1986). *United States v. Simmons*, 812 F.2d 818, 819 (2d Cir.1987). *United States v. Matsushita*, 794 F.2d 46, 50–51 (2d Cir.1986). Further, the time after the hearing, during which the court was awaiting additional papers from the parties necessary for the disposition of the motion to suppress is also excludable under subsection (F). *Henderson v. United States, supra*. The defendants submitted their final papers in response to the government's memorandum on March 11, 1987. Accordingly, the court finds that the period from September 19, 1986 through March 11, 1987 is excludable in calculating the running of the Speedy Trial clock.

The court also determines that the five-day period from March 11 until March 16 during which the court had taken the defendants' motion under advisement is also excludable from calculation. 18 U.S.C.

§ 3161(h)(1)(J). *Henderson v. United States*, 106 S.Ct. at 1877.

Under the circumstances of this case, the court calculates the elapsed time under the Speedy Trial Act as follows: The statutory period commenced on July 15, 1986, when the defendants first appeared before Judge Nickerson and pled not guilty. The speedy trial clock continued to run until September 19, 1986, when defense counsel orally moved this court to suppress the physical evidence seized from Ruth Giagoudakis. Sixty-five days elapsed during this interval. The statutory period did not begin to run again until March 16, 1987, when the court issued its decision on the defendants' motion to suppress. The defendants' trial commenced on March 16, 1987, thus no additional days elapsed before the defendants were brought to trial.[1] Sixty-five includable days passed from the time the Speedy Trial clock began to run until the defendants' trial began on March 16, 1987. Consequently, the defendants were brought to trial within the time limit mandated by the Act.

In light of the foregoing, the defendants' motion to dismiss the indictment pursuant to 18 U.S.C. § 3162(a)(2) is denied.

SO ORDERED.

---

1. Trial in this case actually commenced on March 17, 1987, after this memorandum of decision was prepared. On March 16, 1987, the court granted the defendants a one day adjournment at the request of Mr. Cooper, Ruth Giagou-

dakis's attorney, because Mr. Cooper was not feeling well. The court finds that this additional one day period is excludable in the interests of justice. 18 U.S.C. § 3161(h)(8)(A).