**Adrian WILLIAMS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 99–CV–5805(ILG).**

United States District Court, E.D. New York.

Nov. 29, 2000.

not consider the issue of qualified immunity at this time.

Patricia E. Notopoulos, Assistant U.S. Attorney, Brooklyn, NY, for respondent.

Adrian Williams, Springfield, MO, for petitioner.

## MEMORANDUM & ORDER

GLASSER, District Judge.

The petitioner has moved this Court pursuant to 28 U.S.C. § 2255 for an order

that would vacate or set aside his sentence. He bases his request for relief upon his assertion that: (1) he was not indicted within the time required by 18 U.S.C. § 3161(b); (2) the indictment was constructively amended prior to its submission to the jury; (3) his counsel rendered ineffective assistance in failing to move for the dismissal of the indictment upon the grounds that the Speedy Trial Act was violated and the indictment was constructively amended; and, (4) his appellate counsel was ineffective in that he failed to advance the ineffective assistance of trial counsel in addition to the other bases upon which his petition rests.

### Background

On May 6, 1997, a warrant for petitioner's arrest was issued based upon a complaint alleging that he hijacked a truck at gunpoint on July 2, 1992. He was arrested on May 7, 1997, appeared before a Magistrate Judge on May 8, 1997, and released on bail that day.

Promptly thereafter, petitioner's attorney requested the government to delay further proceedings to permit the petitioner to "proffer to the U.S. Attorney the true facts and circumstances concerning the alleged robbery." Affirmation of Attorney for Petitioner, par. 3 [1] ("Affirmation"). In accordance with that request a meeting was held in the office of the U.S. Attorney where the petitioner informed the Assistant U.S. Attorney and an F.B.I. Agent that what was alleged to be a robbery was in fact a voluntary surrender of the property by the truck driver to the petitioner. The petitioner's offer to take a lie detector test was accepted. That test, which he failed, was administered on June 25, 1997. On June 30, 1997, he was indicted and charged with violating 18 U.S.C. § 1951 (hijacking); 18 U.S.C. § 924(c) (using and carrying a gun in relation to a crime of violence); and, 18 U.S.C. § 659 (possession of stolen property).

On July 7, 1997, the petitioner was arraigned before Magistrate Judge Pollak, pleaded not guilty, and continued on bail. On July 14, 1997, he appeared before then Chief Judge Sifton to whom the case was assigned and a trial date of October 14, 1997 was set. A pretrial conference was to be held on October 9, 1997, and motions, if any, were directed to be filed on or before September 8, 1997. The docket sheet reflects that an order dated July 16, 1997 was signed by Judge Sifton excluding from the operation of the Speedy Trial Act the period from September 8 to October 14, 1997 to which the petitioner consented. Government's letter response in opposition to the petition, p. 2 ("Govt. response").

The parties next appeared before Judge Sifton on October 8, 1997, and at the request of the parties the trial date was postponed to October 20, 1997, and an order of excludable delay from October 14 to October 20, 1997 was entered.

On October 16, 1997, the petitioner appeared before the Court for the avowed purpose of entering a plea which did not materialize and an additional postponement of the trial date was requested by the petitioner from October 20 to October 27, 1997. The request was granted and an order of excludable delay until October 27, 1997 was signed by Judge Sifton on October 20, 1997.

On October 23, 1997, the parties appeared before Judge Sifton for a pretrial conference. The Court reserved decision on an *in limine* motion submitted by the government in a letter dated October 16, 1997, to which the petitioner responded by letter dated October 21, 1997.

On Friday, October 31, 1997, the parties appeared before Judge Sifton for a status conference and for reasons not reflected

---

**1.** Upon receiving the petition, the Court, by letter, advised his attorney of the allegations of his ineffective assistance and invited him to respond in accordance with *Sparman v. Ed-* *wards,* 154 F.3d 51 (2d Cir.1998). The attorney responded by affirmation. Reiss Aff., Govt's letter response, Exh. B.

on the docket sheet the case was reassigned to this Court. Later that day, the parties appeared before this Court for a status conference. Argument was heard on the outstanding *in limine* motions and they were decided from the Bench. The Court directed the parties to appear for jury selection and trial on Monday, November 3, 1997.

On November 3, 1997, jury selection was completed and trial commenced. The trial was concluded on November 5, 1997 and the petitioner was found guilty of having violated 18 U.S.C. § 1951(c) (hijacking) and 18 U.S.C. § 924(c) (using and carrying a gun in relation to a crime of violence). He was sentenced on February 11, 1998, to imprisonment for a term of 63 months for hijacking and to a required consecutive term of 60 months for using and carrying a gun in connection with a crime of violence. A concurrent period of supervised release of three years was to follow his release from imprisonment. His conviction was affirmed on appeal by summary order on March 26, 1999. *See* 175 F.3d 1009 (2d Cir.1999).

### Discussion

I. The Statute of Limitations and Speedy Trial Claims

A. *Petitioner's first claim for relief is an alleged violation of 18 U.S.C. § 3282* which provides:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

■ The indictment alleged that the crimes with which Williams was charged were committed "on or about July 2, 1992" and was "found" on June 30, 1997, facially within the five years required by the statute. Williams seeks to overcome that facial validity by asserting that the five year period was exceeded by one day for the

reason that 1996 was a leap year. Considering that every five-year period includes a leap year, his claim is rejected.

B. *Speedy Trial Act Violation—Pre-Indictment Delay*

■ The section of the Act Williams claims was violated was 18 U.S.C. § 3161(b) which provides in relevant part as follows:

Any ... indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested ... in connection with such charges ....

■ As has been detailed above in the chronological evolution of this prosecution, the petitioner was arrested on May 7, 1997, and indicted on June 30, 1997 beyond the 30 days required by the statute. The question to which that fact obviously gives rise is whether the petition must be granted because of it. In *United States v. Gambino*, 59 F.3d 353 (2d Cir.1995) *cert. denied*, 517 U.S. 1187, 116 S.Ct. 1671, 134 L.Ed.2d 776 (1996), the Court, for the first time, addressed the question whether the Speedy Trial Act can be waived and joined "with every circuit that has addressed the issue in finding that defendants *generally* may not elect to waive the protections of the Act." 59 F.3d at 359–60 (emphasis mine) (citations omitted). Framed so broadly, the question is puzzling given the explicit statutory recognition that it may be waived. Section 3162(a)(2) provides in part that: "[F]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty ... shall constitute a waiver of the right to dismissal under this section." That "section," however, begins as follows: "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the ... indictment shall be dismissed on motion of the defendant." The conclusion is inescapable that the explicit provision for waiver contained in that section has *no* application to pre-indictment

delay. Section 3162(a)(1) addressing the sanction for pre-indictment delay does not include the waiver provision of 3162(a)(2). The absence of that provision, however, does not preclude a finding of waiver on another basis.

I have emphasized the word "generally" above because the court in *Gambino* went on to acknowledge that "several circuits have crafted an exception to the nonwaiver rule, holding that when defendant's conduct causes delay, that time may be excluded from the running of the speedy trial clock." 59 F.3d at 360. In support of that exception the Court cited *United States v. Pringle*, 751 F.2d 419, 434–35 (1st Cir. 1984), in which the Court held that if the speedy trial clocks were not stopped where the delay was caused by the defendant, then the defendant:

> would have successfully worked both sides of the street, lulling the court and prosecution into a false sense of security only to turn around later and use the . . . leisurely pace of the case as grounds for dismissal . . . . Where it is the conduct of the defendant or defense counsel which creates the delay, it is only the public's interest in a speedy trial which has been violated. Using the sanction of dismissal for such delay would be counterproductive because . . . the possibility of dismissal would serve as a powerful incentive for defendants and defense counsel to cause delay.

■ The Court also cited *United States v. Kucik*, 909 F.2d 206, 210–11 (7th Cir. 1990), *cert. denied*, 498 U.S. 1070, 111 S.Ct. 791, 112 L.Ed.2d 853 (1991) in support of the exception. In that case, in expressing its agreement with *Pringle* the Court wrote that: "Where a defendant actively participates in a continuance covering a discrete period of time . . . to allow the government a chance to review its position—he cannot then 'sandbag' the court and the government by counting that time in a speedy trial motion." This observation is peculiarly applicable here where the government acquiesced in the defense

counsel's request to delay post-arrest proceedings to permit the defendant to "proffer . . . the true facts and circumstances concerning the alleged robbery" and to take a lie detector test to establish his innocence. *See also United States v. Kington*, 875 F.2d 1091, 1108 (5th Cir. 1989) (recognizing the *Pringle* exception to be a "sensible maxim"); *United States v. Austin*, 101 F.3d 107 (2d Cir.1996); *Cruz v. United States*, No. S11 94 CR 313, 2000 WL 1510079 (S.D.N.Y. Oct. 10, 2000). In sum, when a defendant seeks to use the Speedy Trial Act as a shield and a sword, and treats the protection the Act was designed to afford as a game of strategy by requesting delays and then attempting to utilize those delays to demand dismissal of the indictment, his behavior may amount to a valid waiver. For these reasons, this prong of his petition is denied.

■ It should be added that although not advanced by him, a claimed due process violation by reasons of the delay if it were asserted, would fare no better. To mount a successful due process attack based upon pre-indictment delay, the petitioner would be required to show that the delay caused actual prejudice and was intentionally caused by the prosecution to gain a tactical advantage. *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The petitioner can show neither.

C. *Speedy Trial Act Violation—Post–Indictment Delay*

■ The petitioner claims a violation of 18 U.S.C. § 3161(c)(1) which provides in substance that when a defendant has entered a plea of not guilty his trial should commence within 70 days from the filing or publication of the indictment or from the date the defendant appeared before a judicial officer of the court in which the charge is pending, whichever is later. Assuming that he was not brought to trial within the time required by § 3161(c) as extended by § 3161(h) (an assumption, the validity of which will be addressed hereaf-

ter), the failure to move for dismissal on that ground prior to the entry of his plea constituted a waiver of his right to a dismissal. 18 U.S .C. § 3162(a)(2).

## II. *Claimed Ineffective Assistance of Counsel*

### A. *Prior to Trial*

This claim of ineffectiveness is bottomed upon counsel's failure to move for dismissal of the indictment on the ground that prosecution was barred by the five year statute of limitations and on the Speedy Trial Act grounds previously discussed.

(a) His statute of limitations claim, as has been already held, is without merit and the assertion that counsel was ineffective for failing to raise a meritless claim is similarly without merit.

(b) For the reasons discussed, his pre-indictment Speedy Trial delay claim is without merit and the assertion that counsel was ineffective for failing to raise a meritless claim is likewise without merit.

▪ (c) His claim of post-indictment Speedy Trial delay is flawed as an analysis of the sequence of events leading up to the trial will establish. The statute claimed to have been violated is § 3161(c)(1) the substance of which has been stated above. The question to which that section gives rise is when does the speedy trial clock begin to run? The answer to that question has varied with the view courts have taken of the phrase "before the judicial officer of the court in which the charge is pending." *Cf. e.g., United States v. Carrasquillo,* 667 F.2d 382 (3d Cir.1981) with *United States v. Nixon,* 779 F.2d 126 (2d Cir.1985). In *Carrasquillo,* the Court held that the day on which the defendant was arrested and appeared before the Magistrate, July 23, 1980, was the day on which she appeared before a judicial officer of the Court, and the speedy trial clock began to tick on August 5th when she was indicted and not on August 21st when she was arraigned and entered a plea of not guilty. In *Nixon,* the Court held that:

An examination of the relevant legislative history reveals that the statutory period was intended to begin only after an appearance at which a not guilty plea has been entered. Congress believed it would be wasteful to require the government to begin planning for trial when it was still possible that a defendant might plead guilty or nolo contendere .... Moreover, the statute expressly applies "only to cases in which pleas of not guilty have been entered." *See* 18 U.S.C. § 3161(c)(1). It is evident, therefore, that the July 13 plea started the Speedy Trial Act clock in this case. Because the day after the triggering event is the first day to be counted, *United States v. Simmons,* 763 F.2d 529, 530 n. 1 (2d Cir.1985), the clock started on July 14.

779 F.2d at 130. Research has revealed only one case in which *Carrasquillo* was cited by the Second Circuit Court of Appeals, but on another point. *See United States v. Gambino,* 59 F.3d 353, 360 (2d Cir.1995). *Nixon* has not been disavowed by the Circuit Court although references by that Court to § 3161(c)(2) are, admittedly, not consistent. *See e.g., United States v. Wong,* 40 F.3d 1347, 1370 (2d Cir.1994) ("The court implicitly concluded that the speedy trial clock began to run upon the defendant's first appearance before a judicial officer (here, after arraignment on the complaint on November 20, 1990) as is the case under the Speedy Trial Act. *See* 18 U.S.C. § 3161(c)(1)"); *United States v. Anderson,* 902 F.2d 1105, 1108 (2d Cir.1990) ("The speedy trial clock started to run on February 1, 1989, when Anderson was first indicted."). In accord with *Nixon* are *United States v. Hammad,* 902 F.2d 1062, 1064 (2d Cir.1990), ("... the Speedy Trial Act, 19 U.S.C. § 3161 *et seq.,* required that the defendants be tried within 70 days of the entry of their not guilty pleas on May 13, 1987") and *United States v. Powell,* No. 95 Cr. 664, 1999 WL 32930 (S.D.N.Y. Jan.21, 1999). Other circuits have reached the same conclusion.

*See United States v. O'Dell* 154 F.3d 358, 360–61 (6th Cir.1998), *cert. denied,* 526 U.S. 1029, 119 S.Ct. 1275, 143 L.Ed.2d 369 (1999) and *United States v. Tootle,* 65 F.3d 381 (4th Cir.1995), *cert. denied,* 517 U.S. 1123, 116 S.Ct. 1360, 134 L.Ed.2d 527 (1996).

The rationale for the construction of § 3161(c)(2) by *Nixon, O'Dell, Tootle* and *Powell* is compelling given the facts of this case. As has previously been recounted, promptly after his arrest and initial appearance before the Magistrate the following day, petitioner requested the government to proceed no further before he had an opportunity to convince the government of his innocence. After meeting with the government for that purpose, his offer to take a lie detector test was accepted by the government. He failed that test and was indicted 5 days later. At that point in time, 54 days had elapsed between the day of his arrest and the filing of the indictment. He was arraigned and pleaded not guilty 7 days later on July 7, 1997. It surely would have been a waste of judicial resources given these facts, to have required the court to schedule a trial and wasteful to require the government to begin planning for trial while permitting Williams to establish his innocence and given the likelihood that he would plead guilty[2] to activate the speedy trial clock before Williams pleaded not guilty on July 7th.

■ Commencing the running of the speedy trial clock on July 8th, *United States v. Simmons, supra,* the time elapsed to September 8th, when the first order of excludable delay was entered by Judge Sifton, was 63 days. Orders of excludable delay were entered thereafter until October 27th. On October 16th, however, a motion *in limine* was filed by the government, and the period of delay from October 17th, until the motion was decided from the bench on October 31st, the day on which the case was transferred to this Court, was thus excluded in accordance with 18 U.S.C. § § 3161(h)(1)(F) and 3161(h)(1)(J). The trial was directed to commence and did commence on November 3rd. Adding the intervening Saturday and Sunday, November 1st and 2nd, to the accountable speedy trial time yields a total of 65 days, well within the 70 day limitation of § 3161(c)(1). The petitioner's claim that counsel was ineffective for failure to make a meritless motion to dismiss based upon a nonexistent Speedy Trial Act violation is thus without merit and denied.

■ The petitioner's claims of ineffective assistance of counsel were denied for the reasons stated without a single reference to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in the belief that the well known principles of that case[3] required no explication and made denial inevitable. In the interest of completeness, however, that case taught that a person challenging his conviction and sentence on the ground of ineffective assistance of counsel bears the heavy burden of showing that counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, 104 S.Ct. 2052, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. A defendant must satisfy both prongs of his burden and a failure to satisfy one spares the court from having to consider the other. *Id.* at 697, 104 S.Ct. 2052. The discussion of his claim, set out at some length above, compels the conclusion that he can satisfy neither prong of his burden and, as has already been expressed, his claim is denied.

---

**2.** As has been noted in the chronological evolution of this case, Williams appeared before the Court on October 16th for the avowed purpose of pleading guilty.

**3.** A reference to Shepard's reveals that the case has been cited 34, 559 times.

### III. *Constructive Amendment*

The claimed constructive amendment of the indictment is predicated upon two portions of the Court's instruction to the jury. In Count I, the petitioner was charged with knowingly and intentionally delaying, obstructing and affecting commerce by robbery. In instructing the jury, the Court said: "I ... instruct you that a defendant need not have intended or anticipated an effect on commerce. You may find that effect to be a natural consequence of his actions." It is the petitioner's claim that the instruction amended the indictment by eliminating the need of the jury to find a specific intent to affect commerce. In this respect he is mistaken. "[I]t is well established that a purpose or intention to interfere with interstate commerce is not a necessary element of the Hobbs Act violation; it is sufficient that one of the natural effects of the offense is an obstruction of that commerce." *United States v. Flores*, 855 F.Supp. 638, 642–43 (S.D.N.Y.1994); (citing *United States v. Daley*, 564 F.2d 645, 649 (2d Cir.1977), *cert. denied*, 435 U.S. 933, 98 S.Ct. 1508, 55 L.Ed.2d 530 (1978)).

 Count Two charged the petitioner with using and carrying a firearm during and in relation to a crime of violence. In instructing the jury the Court said that the first element of the offense that must be found is that the defendant was using or carrying a firearm. In substituting "or" for "and" he claims, the indictment was constructively amended. On appeal, the petitioner argued the flawed charge relying on *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In affirming petitioner's conviction the Court held that: "It is well established that a jury charge that fails to define adequately 'using' a firearm under *Bailey* is harmless when the evidence clearly shows that a defendant did in fact 'actively employ' a firearm in the commission of a violent crime as *Bailey* requires.... In this case there is uncontested testimony from three witnesses ... that Williams stuck or waved a gun at Hingul to gain control of the truck. Under these circumstances, we find Williams' *Bailey* claim to be without merit." 175 F.3d 1009 (2d Cir. 1999).

 Neither of those instructions supports his claim that the indictment was constructively amended. That occurs when the evidence presented to the jury and the instructions given the jury modify the essential elements of the crimes charged so that there is then a substantial likelihood that the defendant may have been convicted of crimes other than those for which he was indicted by the grand jury. *United States v. Mollica*, 849 F.2d 723, 728–29 (2d Cir.1988). A "constructive amendment is typically found where the government offers proof of offenses or transactions not even mentioned in the indictment." *United States v. Berger*, 224 F.3d 107 (2d Cir.2000). That was hardly the case here, and his claim is without merit.

The petitioner's claim that his counsel on appeal was ineffective in failing to raise the issues which have been addressed here is meritless. For all the reasons discussed above, it is patently clear that he could not sustain the burden *Strickland* demands he must bear to succeed on that claim.

Adverting yet once again to the reasons advanced, his petition is dismissed.

SO ORDERED.