09-4125-cr
United States v. Bethea

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of July, two thousand and ten.

PRESENT: RICHARD C. WESLEY,
         PETER W. HALL,
                   *Circuit Judges*,
         RICHARD W. GOLDBERG,
                   *Judge*.*

_____

UNITED STATES OF AMERICA,

                   *Appellee*,

         -v.-                                    09-4125-cr

CRAIG BETHEA,

                   *Defendant-Appellant.*

_____

---

* The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

FOR APPELLANT:                    LAURIE S. HERSHEY, Manhasset,
                                  NY.

FOR APPELLEE:                     WENDY L. FULLER, Assistant
                                  United States Attorney (Gregory
                                  L. Waples, Assistant United
                                  States Attorney, *on the brief*),
                                  *for* Tristram J. Coffin, United
                                  States Attorney for the District
                                  of Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Craig Bethea appeals from the district court's September 30, 2009 judgment of conviction, entered following his December 10, 2008 conditional guilty plea to one count of conspiring to distribute and possess with intent to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C. § 846.  Appellant's plea agreement conditioned his guilty plea on the result of appellate review of the district court's August 8, 2008 denial of his *pro se* motion to suppress.[1]  *See* Fed. R. Crim. P. 11(a)(2).

---

[1] Appellant was represented in the district court proceedings by two separate attorneys.  These attorneys filed two successive motions to suppress, dated June 15, 2007 and February 15, 2008, respectively.  The district court denied both motions.  Appellant filed his third

This is that appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In the motion in question, appellant sought the suppression of "all items seized in the purported execution of a search warrant" on January 20, 24, and 25, 2006. The search warrant referenced in appellant's motion was issued on January 20, 2006 by a state-court judge in Vermont under Vermont law.[2] The "items seized" were a series of recorded conversations that took place on those dates between appellant and a confidential informant; the conversations pertained to several transactions in which appellant sold crack cocaine to the informant. In addition to the state-law warrant, the discussions were also monitored and

motion, acting *pro se*, on June 19, 2008.

[2] Law enforcement obtained the warrant under Vermont law because "obtaining evidence by electronic monitoring in a defendant's home without his consent and without prior court authorization violates Article 11" of Vermont's constitution. *State v. Blow*, 157 Vt. 513, 520 (1991). Nevertheless, as the district court acknowledged, federal law governs this federal criminal prosecution, including any questions relating to the lawfulness of the searches conducted. *See United States v. Rommy*, 506 F.3d 108, 129 (2d Cir. 2007) ("The admissibility of evidence in a United States court depends solely on compliance with United States law."); *see also United States v. Pforzheimer*, 826 F.2d 200, 203 (2d Cir. 1987).

recorded pursuant to the informant's written consent.

The district court denied appellant's *pro se* motion, reasoning that the recordings were lawfully obtained because the informant had knowingly and voluntarily consented to the government surveillance. On appeal, appellant's counsel does not attack that conclusion. Nor could he. The informant's consent allowing the government to record the conversations rendered those recordings lawful under both Title III, *see* 18 U.S.C. § 2511(2)(c); *United States v. Friedman*, 300 F.3d 111, 120-21 (2d Cir. 2002), and the Fourth Amendment, *see United States v. Workman*, 80 F.3d 688, 694 (2d Cir. 1996).

Instead, appellant's counsel argues that we should construe his client's *pro se* motion to suppress as also challenging: (1) a subsequent April 12, 2006 warrant issued by the district court in Vermont that authorized a search of appellant's residence; and (2) the circumstances surrounding his warrantless arrest following that search. However, although we construe *pro se* submissions liberally, we do not create arguments out of whole cloth. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Appellant's *pro se* motion to suppress presented no arguments regarding the

4

subsequent search of his residence or his arrest. Therefore, in light of the appellate waiver in his plea agreement, counsel's arguments are not properly before us. *See United States v. Simmons*, 763 F.2d 529, 533 (2d Cir. 1985). Moreover, even if we were to reach these additional contentions, we would reject them for reasons substantially similar to those stated by the district court in its order of October 12, 2007. *See United States v. Bethea*, No. 07 Cr. 003, 2007 WL 3025042, at *2-4 (D. Vt. Oct. 12, 2007).

Finally, in addition to the brief filed by his attorney, appellant filed a separate *pro se* brief with this Court in which he argues, *inter alia*, that: (1) the January 20, 2006 warrant issued under Vermont law was invalid under state and federal law; (2) the prosecutor engaged in "federal forum shopping"; (3) the district court erred by failing to conduct an evidentiary hearing to provide appellant with an opportunity to "impeach the government's witnesses prior to trial"; and (4) he received ineffective assistance of counsel in the district court.

With respect to the fourth argument, we are "generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467

(2d Cir. 2004). We therefore dismiss defendant's ineffective assistance claim without prejudice to it being raised in a subsequent motion pursuant to 28 U.S.C. § 2255. *See Gaskin*, 364 F.3d at 468.[3] As to the remainder of appellant's *pro se* contentions in this appeal, to the extent they bear on the district court's August 8, 2008 denial of his *pro se* motion to suppress, we have already concluded that the district court properly denied that motion. To the extent the arguments challenge aspects of the district court proceedings other than the effectiveness of his counsel under the Sixth Amendment, those arguments are not only meritless, but they were also forfeited pursuant to the appellate waiver in appellant's plea agreement.

We have considered each of appellant's arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] We need not, and therefore do not, express any view at this juncture as to whether defendant waived his ability to bring this form of collateral attack by entering into his plea agreement.

6