■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MESSAM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered October 21, 1983, convicting him of attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial (Leahy, J.), of defendant's motion to suppress certain evidence.

Judgment affirmed.

The suppression of the weapon seized from the defendant's car was properly denied by Criminal Term. The officers who recovered the weapon had probable cause to arrest the defendant because his car and his personal appearance closely matched that given in the radio broadcast which prompted the police action. The radio dispatch described a color and make of car identical to the one that the defendant was driving; gave a partial license plate number which was fully consistent with the one on his car; and accurately described the defendant's dress and his limp. Within a half hour after receiving this information, the officers observed the defendant's car, noted his appearance as he exited and made the challenged arrest. Thus, the arrest itself was proper (*People v Davidson*, 110 AD2d 776; *People v Brnja*, 50 NY2d 366). In addition, while arresting the defendant, the officers observed a sawed-off rifle on the floor of the car on the passenger's side. As the rifle was in plain view, and the officers had the right to be in the position that they were in, the seizure of the weapon was also proper (*Harris v United States*, 390 US 234). Alternatively, since the defendant was validly arrested and the officers had reason to believe that a weapon would be discovered, they

properly made a contemporaneous search of the passenger compartment, and suppression of the weapon was properly denied on this basis as well (*People v Belton,* 55 NY2d 49, 55; *People v Langen,* 60 NY2d 170, 181, *cert denied* 465 US 1028).

The denial of suppression of the two empty rifle shells recovered at the crime scene was also proper. Upon arriving at the scene, the police spoke with the victim's siblings, who also resided in the house, and obtained their cooperation in taking photographs and removing the evidence. Where an individual shares with others common authority over a premises, he has no right to prevent a search made with the knowing and voluntary consent of a cooccupant with equal authority (*People v Cosme,* 48 NY2d 286). Defendant's contention that Criminal Term improperly relied upon hearsay evidence in admitting the shells at the suppression hearing is also without merit (CPL 710.60 [4]).

Finally, based on the circumstances presented on this record, the sentence imposed did not constitute an improvident exercise of discretion by the sentencing Judge. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.