■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RENE LUCCIONI, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Bianchi, J.), dated June 26, 1985, which, after a hearing, granted a motion by the defendant to suppress physical evidence.

Order reversed, on the law and the facts, motion denied, and case remitted to the Supreme Court, Queens County, for further proceedings.

On the evening of January 22, 1985, Police Officer Vivian Picciarelli and her partner were sitting in an unmarked car in the vicinity of 41st Avenue and Junction Boulevard, a drug-prone area, observing a grocery store believed to be a place where narcotics might be sold. During a 20 to 25 minute period in which the store was under observation, she viewed two identical transactions in which a car would pull up in the middle of the street, leave its motor running, the driver would honk the horn, and then the defendant would come out of the grocery store, approach the passenger side of the vehicle and pass a small white envelope to the passenger in exchange for currency. Picciarelli, an experienced narcotics officer, testified that cocaine and other narcotics are usually packaged in such envelopes. Following the second transaction, the officer followed the defendant around the corner and placed him under arrest. A search of his person uncovered a quantity of narcotics.

We are satisfied that under the totality of the circumstances of this case, there was sufficient information to lead a reasonable person who possessed the same expertise as the officer to conclude that a crime was being committed and, therefore, probable cause to arrest existed *(see, People v McRay,* 51 NY2d 594; *People v Oden,* 36 NY2d 382). In addition to the passing of the small, white envelopes, the case involves the observation by an experienced officer of two identical suspicious

transactions, in a drug-prone area, in which the envelopes were exchanged for currency *(see, People v McRay, supra; People v Bittner,* 97 AD2d 33; *People v Balas,* 104 AD2d 1039). Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.