THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT RIDLEY, Appellant.

The defendant's contention that the police did not have probable cause to arrest him lacks merit. The defendant matched the description relayed over the police radio and was observed near the scene of the crime within 5 to 10 minutes after the occurrence. These facts, considered together with the defendant's suspicious behavior in standing behind a bush counting money, provided the necessary predicate for a finding of probable cause to effectuate the defendant's arrest *(see, People v Lypka,* 36 NY2d 210; *People v Saylor,* 113 AD2d 904; *People v Messam,* 112 AD2d 449).

Moreover, we reject the defendant's contention that the showup identification which occurred in close proximity in time and place to the commission of the crime was unduly suggestive so as to give rise to a substantial likelihood of irreparable misidentification. Under the circumstances, the showup was proper to ensure prompt identification *(see, People v Love,* 57 NY2d 1023; *People v Brnja,* 50 NY2d 366).

The court did not abuse its discretion in denying the defendant's oral application to withdraw his pleas of guilty. The record establishes that the defendant knowingly, voluntarily and intelligently waived his rights and pleaded guilty *(see, People v Harris,* 61 NY2d 9). The record provided no grounds for the withdrawal of the pleas *(People v Ramos,* 63 NY2d 640, 642-643).

Lastly, we do not find the sentences imposed to be unduly harsh or excessive. The concurrent terms at 9 to 18 years are within the legally permissible range (Penal Law § 70.04 [3], [4]) and are the ones for which the defendant freely bargained *(see, e.g., People v La Lande,* 104 AD2d 1052; *People v Kazepis,* 101 AD2d 816). Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.