■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MIGUEL LUGO, Appellant.—Judgment, Supreme Court, New York County (Martin H. Rettinger, J.), rendered December 9, 1985, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees, and sentencing him as a predicate felon to two concurrent terms of imprisonment of from 4½ to 9 years, and one concurrent term of one year, unanimously modified, on the law, to vacate the conviction of criminal possession of a controlled substance in the seventh degree and to dismiss the underlying charge (count three), and, except as thus modified, affirmed.

Defendant's conviction of both criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree related to the same single envelope of heroin. As the People concede, there was no reasonable view of the evidence to support a finding that he possessed that envelope without at the same time possessing it with the intent to sell it to the undercover officer. Thus, the conviction of criminal possession of a controlled substance in the seventh degree should be vacated and the underlying charge dismissed as an inclusory concurrent offense. (CPL 1.20 [37]; 300.40 [3] [b]; *People v Holman,* 117 AD2d 534.)

We have examined defendant's other point and find that it is without merit. While the prosecutor's question as to why the undercover officer had returned to the basement from which he had first seen defendant emerging could only elicit inadmissible evidence, the court's response was more than adequate. It struck the answer, issued an immediate curative instruction and then questioned the jurors, individually, to make sure that they understood its directions. Thus, the mistrial motion was properly denied. Concur—Sandler, J. P., Sullivan, Ross, Milonas and Rosenberger, JJ.