■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL ZARZUELA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Di Tucci, J.), rendered November 6, 1986, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We are satisfied, from the totality of the circumstances of this case, that there was sufficient information to lead a reasonable person who possessed the same expertise as the observing officer to conclude that a crime was being committed and therefore probable cause to arrest existed (see, People v McRay, 51 NY2d 594; People v Brown, 124 AD2d 592, lv denied 69 NY2d 744; People v Luccioni, 120 AD2d 617, lv denied 68 NY2d 771). The personal observations of the trained and experienced police officer, including the repeated passing of small white packets, commonly used to package narcotics, in exchange for currency on a street corner specifically placed under surveillance by the 115th Precinct Street Narcotics Enforcement Unit was sufficient to establish probable cause

*(see, People v Robinson,* 133 AD2d 473; *People v Balas,* 104 AD2d 1039). After having received a radio transmission of the above observations, the arresting officer possessed probable cause to effect the defendant's arrest *(People v Lypka,* 36 NY2d 210). The spatial and temporal proximity between the first officer's observations of the defendant's drug sales and his subsequent arrest, coupled with the fact that his attire matched the description provided, leave us convinced that the arresting officer's actions were also based upon probable cause *(see, People v Blalock,* 127 AD2d 603, *lv denied* 69 NY2d 1001; *People v Ridley,* 124 AD2d 610, *lv denied* 69 NY2d 749). Since the defendant's arrest was proper, the 13 packets of heroin seized upon the search incident thereto were properly ruled admissible.

The defendant argues, and the People concede, that his conviction for criminal possession of a controlled substance in the seventh degree must be vacated as a lesser inclusory count of criminal possession of a controlled substance in the third degree, as they both relate to the possession of the same narcotics *(see, People v Lugo,* 131 AD2d 311, *lv denied* 70 NY2d 714; *People v Gaul,* 63 AD2d 563). Finally, we have examined the defendant's remaining contention and find it to be without merit *(People v Crimmins,* 36 NY2d 230). Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.