THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PARILLA, Appellant.—

As to the defendant's suppression application, we find that he failed to establish the threshold requirement of standing to challenge the warrantless entry of the police officers into the yard in which he and two other men were found with the stolen vehicles and burglar's tools (see, People v Wesley, 73 NY2d 351; People v Ponder, 54 NY2d 160).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's claim that he was deprived of a fair trial when the court allowed a police officer to testify as to the inculpatory statement allegedly made by the defendant and his companions and then ordered the statement stricken from the record after the officer admitted on cross-examination that she could not recall if all three men made the statement, has not been preserved for appellate review. Significantly, the trial court gave curative instructions to the jury at the time it ordered the testimony stricken and again, during its charge, at the request of the defendant. The defendant made no further application with respect to the curative instructions. In the absence of such an application, it must be deemed that

the court cured the error to the defendant's satisfaction, and he may not assert the inadequacy of such instructions as error on appeal *(see, People v Santiago,* 52 NY2d 865, 866; *People v Jalah,* 107 AD2d 762, 763). Moreover, review is not warranted in the exercise of our interest of justice jurisdiction.

Further, the trial court acted properly in allowing the People to reopen their case to present the testimony of a police officer with regard to whom the defendant requested a missing witness charge. Not only is the trial court empowered to allow such a reopening to present evidence which the defendant has requested *(see, People v Olsen,* 34 NY2d 349, 353), the trial court's action also fulfilled the very purpose of the missing witness charge, the threat of which moved the People to produce the missing witness rather than face an adverse inference from the witness's absence. It is in light of this that the party requesting the charge is required to raise the issue as soon as practicable "so that the court can appropriately exercise its discretion" *(People v Gonzalez,* 68 NY2d 424, 428). Under the circumstances of this case, in view of the untimely nature of the defendant's request, the trial court properly exercised its discretion by allowing the prosecutor to reopen the People's case so as to present the testimony of the missing witness.

We have reviewed the defendant's remaining contentions and find that they do not warrant reversal of his conviction. Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.