■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered June 30, 1989, convicting him of criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's pretrial omnibus motion which were to suppress physical evidence and a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find no merit to the defendant's claim that his arrest was not predicated on probable cause. The testimony at the suppression hearing established that an undercover officer, hiding in bushes while surveilling through a pair of binoculars

an area known to have frequent sales of controlled substances, observed the defendant hand a tinfoil packet to a woman. The woman looked at the packet before giving the defendant some money.

The undercover officer relayed the description of the defendant by radio to a backup team. When the members of the backup team arrived at the scene in marked police cars, the defendant disappeared into a nearby building. He reemerged from this building only after the police left. Again the undercover officer radioed the backup team. When the police arrived at the scene a second time and exited their vehicles, the defendant took flight. The defendant kept running even though one of the officers chasing him yelled, "Police, don't move".

The personal observation of the experienced undercover police officer of an exchange of a tinfoil packet for currency was a "telltale sign, if not the hallmark, of an illicit drug exchange" *(People v Balas,* 104 AD2d 1039, 1040). This observation, when combined with the other circumstances of this case, including the defendant's flight *(see, People v Grimsley,* 156 AD2d 714), the spatial and temporal proximity between the undercover officer's observations and the defendant's subsequent arrest, and the matching of the defendant's attire with the description provided by the radio call *(see, People v Zarzuela,* 141 AD2d 788) provided the arresting officer with probable cause. Accordingly, the hearing court properly denied that branch of the defendant's motion which was to suppress the physical evidence seized from him *(see, People v McRay,* 51 NY2d 594).

Contrary to the defendant's further contention, we find that the hearing court's determination that the defendant knowingly, intelligently and voluntarily waived his *Miranda* rights before making his postarrest, inculpatory statement was not erroneous and we will not disturb it on appeal *(see, People v Prochilo,* 41 NY2d 759; *People v James,* 146 AD2d 712).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish the defendant's guilt of the crime of criminal possession of a controlled substance with intent to sell beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the People failed to present

reasonable assurances as to the identity and unchanged condition of the four tinfoil packets seized from him is without merit. The evidence at trial clearly established that at all times after the packets were recovered from the defendant's person they "remained safely under police control" *(People v Julian,* 41 NY2d 340, 343). Contrary to the defendant's argument, any deficiencies in the chain of custody did not bar admission, but rather only involved the weight to be accorded to the evidence *(see, People v Julian, supra,* at 344; *People v Donovan,* 141 AD2d 835). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.