■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WATSON, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Rienzi, J.), rendered April 17, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant asserts that all of the evidence found upon his person at the time of his arrest should have been suppressed because he was arrested without probable cause. We find this contention to be without merit. The testimony at the suppression hearing established that on September 5, 1989, the arresting officer received a radio communication from an undercover police officer reporting a "positive buy" at the corner of Decatur Street and Evergreen Avenue, together with a description of the seller. The arresting officer had worked with that undercover officer on 20 to 25 prior occasions and recognized his voice. The arresting officer arrived at the scene of the buy two to three minutes after receiving the radio call. There, he saw a man fitting the description he had received— a male black, 5 feet 7 inches to 5 feet 8 inches, wearing a red shirt and tan pants—sitting on a porch. The arresting officer saw nobody else on the street at that time. There was a store on the corner but he saw no one come in or out. It was a clear night and the street was artificially lit. As the officer left his car, the defendant stood. The officer approached the defendant, displayed his badge and said, "Police, don't move". The defendant dropped a brown bag containing a bottle of wine from which he had been drinking, and the officer then handcuffed him. The officer picked up the bag and found inside the bag six "heat-sealed plastics of tin foils with a rocky substance". He searched the defendant and found an additional heat-sealed tin foil and United States currency in the defendant's right front pocket. In light of the spatial and temporal proximity between the undercover officer's observations of the defendant during the drug sale and the defendant's subsequent arrest, and the fact that the defendant's attire matched the given description, the Supreme Court properly concluded that the officer had probable cause to arrest the defendant (*see, People v Petralia,* 62 NY2d 47; *People v Williams,* 170 AD2d 629; *People v Zarzuela,* 141 AD2d 788).

The defendant's further argument that the trial court improperly refused to instruct the jury on criminal possession of a controlled substance in the seventh degree as a lesser-included offense of the possession counts is equally unavailing. We agree with the trial court that there was no reasonable view of the evidence under which the jury could have concluded that the defendant possessed the one package of cocaine found in his pocket, but not the packages that were in the bag that he dropped. The defendant's contention that the police might have planted the evidence on him is purely speculative and, under similar facts, this Court has held that "[p]urely speculative hypotheses are insufficient to provide a 'reasonable view' of the evidence" (People v Perez, 154 AD2d 406, 407, quoting People v Flores, 113 AD2d 899; see, People v Glover, 57 NY2d 61, 63). Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.