■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ABE STEINMETZ, Appellant. [599 NYS2d 853] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered March 13, 1992, convicting him of criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hentel, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly found that the police had probable cause to arrest him. The hearing testimony reveals that on the evening of January 29, 1991, Detective Anthony Romano was participating in a so-called "buy and bust" operation in a known narcotics area, when he observed the defendant hand a sum of United States currency to a codefendant in exchange for a number of small white paper packets. Based upon his observations, the detective, an experienced narcotics officer who had received intensive training in narcotics packaging and identification, believed that the white paper packets exchanged in the transaction contained "bazooka cocaine". Detective Romano then arrested the defendant, and recovered eight packets of cocaine from his jacket pocket. We are satisfied, that under the totality of the circumstances of this case, there was sufficient information to lead a reasonable person who possessed the same expertise as the officer to conclude that a crime was being committed. Therefore, the officer had probable cause to arrest the defendant (see, *People v McRay,* 51 NY2d 594, 604; *People v Mariner,* 147 AD2d 659; *People v Zarzuela,* 141 AD2d 788; *People v Luccioni,* 120 AD2d 617).

Furthermore, while the defendant correctly notes that the hearing court applied an incorrect standard of review, since a full and fair hearing on the defendant's suppression motion was conducted which provides an adequate record for review, it is unnecessary to remit the matter for a new hearing (see, *People v White,* 117 AD2d 127; *People v Acosta,* 74 AD2d 640). Sullivan, J. P., Lawrence, Eiber and Ritter, JJ., concur.