■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE RUMBLE, Appellant. [874 NYS2d 260]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mullen, J.), rendered March 14, 2007, convicting him of criminal possession of marijuana in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the police lacked probable cause to arrest him is without merit. The defendant was arrested close to the location where an undercover officer observed him making three apparent drug sales, minutes after that officer transmitted the defendant's description by radio to other officers. He was wearing the attire that the officer had described when he was stopped, in the middle of the night, in an area with minimal pedestrian and vehicular traffic (see People v Williams, 170 AD2d 629 [1991]; People v Zarzuela, 141 AD2d 788 [1988]). Additionally, although the defendant contends that the officer who detained him prior to his arrest by a different officer had no basis for stopping him, under the circumstances of this case it can be inferred that the detaining officer was acting at the direction of the undercover officer (see People v Ramirez-Portoreal, 88 NY2d 99, 114 [1996]; see also People v Ketcham, 93 NY2d 416, 421 [1999]). Moreover, the People were not required to produce the undercover officer, rather than the arresting officer, at the hearing (see People v Petralia, 62 NY2d 47, 51-52 [1984], cert denied 469 US 852 [1984]; People v Green, 13 AD3d 646 [2004]). Accordingly, the court properly declined to suppress the physical evidence seized following the defendant's arrest.

The defendant's remaining contention is unpreserved for appellate review (see People v Iannone, 45 NY2d 589, 600 [1978]; People v Beauliere, 36 AD3d 623 [2007]; People v Waldron, 162 AD2d 485, 486 [1990]) and, in any event, is without merit (see People v White, 41 AD3d 1036 [2007]; People v Castellanos, 234 AD2d 381 [1996]; People v Budhai, 182 AD2d 693 [1992]). Prudenti, P.J., Skelos, Dillon and Eng, JJ., concur.