■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
KEITH MANZI, Appellant. [978 NYS2d 202]—

The trial court improvidently exercised its discretion when it
denied defendant a one-day adjournment to bring in a witness,
while also granting the People's request for a missing witness
charge concerning that witness.

Defendant, the last witness to testify, made reference to a
friend who had been with him at certain relevant junctures. Af-
ter defendant completed his testimony, the People requested a
missing witness charge concerning the friend. Defense counsel
argued that there was insufficient basis for the charge, and
alternatively requested a one-day adjournment to secure the
presence of the witness. The court denied the adjournment,
proceeded directly to summations and charge, and delivered a
missing witness instruction.

Having granted the People's request for the instruction, the
court should have granted defendant a short adjournment. A
missing witness issue "must be raised as soon as practicable so
that the court can appropriately exercise its discretion and the
parties can tailor their trial strategy" (*People v Gonzalez*, 68
NY2d 424, 428 [1986]). Here, the moving party raised the issue
after defendant's testimony, when the issue became apparent.
The court should have then accorded the nonmoving party the
opportunity to avoid the missing witness charge by calling the
witness. Although defendant was willing to call the witness, the
court effectively rendered the witness unavailable, thus negat-
ing the availability requirement for a missing witness charge.

The court apparently denied the adjournment on the ground
that defendant should have anticipated the missing witness is-
sue. However, an adjournment to the next day would have been
reasonable under the circumstances.

We do not find the error to be harmless. The case required
the jury to make a credibility determination regarding conflict-
ing testimony given by police witnesses and by defendant, who
was unfairly burdened by a missing witness charge.

In light of the foregoing, we do not reach defendant's remaining contentions, including whether the missing witness charge was proper, except that we find that the verdict was not against the weight of the evidence. Concur—Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.