■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MASON, Appellant. [988 NYS2d 887]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered December 12, 2011, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chun, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress physical evidence is without merit. The defendant was arrested at the same location where an undercover officer observed him making a drug sale, minutes after the undercover officer transmitted the defendant's description by radio to the arresting officers. In light of the spatial and temporal proximity between the undercover officer's observations and the defendant's subsequent arrest, and the fact that the defendant's attire and that of his companion matched the given description, the court properly concluded that the officer had probable cause to arrest the defendant (*see People v Watson*, 187 AD2d 743, 744 [1992]; *People v Toodles*, 184 AD2d 674, 675 [1992]; *People v Williams*, 170 AD2d 629 [1991]; *People v Zarzuela*, 141 AD2d 788 [1988]; *see also People v Rumble*, 60 AD3d 791 [2009]).

The defendant failed to meet his "high burden" (*People v Hobot*, 84 NY2d 1021, 1022 [1995]) of " 'demonstrat[ing] the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" in failing to request a missing witness charge with respect to a certain police officer (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Parilla*, 158 AD2d 556, 557 [1990]; *see also People v Manzi*, 113 AD3d 481 [2014]). While a "single error may qualify as ineffective assistance . . . when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d at 152), any error here did not rise to this level (*see Matter of Lasun S.*, 76 AD3d 1079 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit (*see People v Sostre*, 70 AD2d 40, 45 [1979], *affd* 51 NY2d 958 [1980]). Balkin, J.P., Chambers, Cohen and Duffy, JJ., concur.