■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD P. COLVIN, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of felony driving while intoxicated, defendant argues that the People did not establish that the police had probable cause to stop his vehicle because the officer transmitting the information allegedly justifying the stop did not testify at the suppression hearing. There is no merit to this claim. Trooper Appleby testified that he received a radio transmission from Trooper Coots who informed Appleby that Trooper Miller, then in the police car with Coots, had observed defendant commit a violation in the neighboring Village of Wolcott. Coots asked Appleby, who knew defendant, to stop him if he saw him driving a truck. Shortly thereafter Appleby stopped defendant. After the stop, he observed that defendant was intoxicated, and he arrested him. Under these circumstances, the People were not required to present the testimony of Trooper Coots or Trooper Miller at the probable cause hearing. Where an officer relies upon information from another officer who has personal knowledge of defendant's involvement in an offense, the testimony of the former is sufficient, if credited, to establish grounds to stop defendant (People v Petralia, 62 NY2d 47, 51-52, cert denied 469 US 852; People v Horowitz, 21 NY2d 55, 60). (Appeal from judgment of Wayne County Court, Strobridge, J.—felony driving while intoxicated.) Present—Denman, J. P., Green, Pine, Lawton and Davis, JJ.