■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO GREENE, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Thorp, J.), rendered November 28, 1983, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated November 22, 1984, which, after a hearing, denied his motion to vacate the conviction based on newly discovered evidence. The appeal from the judgment brings up for review the denial (Brennan, J.) of the defendant's application for a hearing to determine that branch of the defendant's omnibus motion which was to suppress physical evidence and the denial, after a hearing (Naro, J.), of that branch of the defendant's motion which was to suppress certain statements.

Ordered that the judgment and the order are affirmed.

We agree with the defendant that it was error to summarily deny his application for a hearing on that branch of his motion which was to suppress physical evidence, since it was supported by allegations of fact. It was inappropriate for the court to make the factual determinations it did on the basis of the conflicting factual allegations contained in the affirmations of the defense counsel and the Assistant District Attorney made on information and belief. However, despite the court's ruling, the defense counsel was allowed to fully explore the issue of whether the bag containing the cocaine was constitutionally seized, which seizure provided a lawful predicate for the defendant's arrest. Therefore, although the *Huntley* hearing court refused to make a determination of whether the bag was lawfully seized, holding itself bound by the prior determination on the *Mapp* motion, the record is fully developed on the issue and allows this court to make the determi-

nation on appeal *(see, People v Stokes,* 139 AD2d 785; *People v Mallory,* 126 AD2d 750).

Both the record and the findings of fact made at the *Huntley* hearing establish that the defendant abandoned the paper bag with the cocaine independently of any unlawful police action *(see, People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). The defendant's furtive response to seeing the police officers, including crossing the street, quickening his pace, glancing repeatedly at the officers and changing direction in an area which was known to police as narcotics infested, supplied objective credible evidence warranting minimally intrusive conduct of the police officers in approaching and inquiring. The defendant dropped the bag as the police exited their car, stepped away from it and stopped. The abandonment cannot therefore be said to be a spontaneous reaction to a sudden and unexpected confrontation with the police as opposed to an independent act involving a calculated risk *(see, People v Boodle, supra).* The summary denial of that branch of the defendant's omnibus motion which was to suppress the physical evidence was therefore harmless error.

The defendant's next contention is that the court improperly denied his motion pursuant to CPL 440.10 (1) (g) to vacate the judgment. We agree with the court's denial of the motion. The hearing court properly held that the newly discovered evidence, in the form of testimony by defense witness Debbie Nelson, was incredible and as such did not meet the standard necessary for success on the motion. Nelson had testified at trial that the defendant was across the street from where the police retrieved a white plastic bag containing the cocaine from under a red Jaguar automobile. The witness now states that it was she who had possession of the white plastic bag and she who threw it under the car when the police approached. This revelation conflicts with the testimony of defense witness Timothy Miller that he saw the bag in the hands of a white man who was having an altercation with another man. Miller said he saw a man drop the bag and kick it beneath the Jaguar when the police approached. Nelson's changed testimony would therefore have conflicted dramatically with that of Miller and could not have had any favorable impact on the defendant's case. It could only render his defense more confused and incredible in the face of the strong testimony by the three police officers *(see,* CPL 440.10 [1] [g]).

The rebuttal testimony of the manager of the funeral parlor that the body of Nelson's deceased uncle was not in repose at the funeral parlor at the time of the arrest, as the witness

claimed, was collateral and erroneously admitted (see, People v Rivers, 96 AD2d 874). However, the error was harmless in light of the overwhelming evidence of the defendant's guilt.

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.