■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Vincent Butler, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered February 14, 1986, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

On appeal, the defendant contends, *inter alia,* that certain inconsistencies in the testimony of the complainant undermined his credibility necessitating reversal of his conviction. We disagree. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disregarded unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contentions, the hearing court correctly determined that his arrest was lawful and that the physical evidence seized, as well as the identification testimony, was admissible at trial. Two police officers observed the defendant drive backward at a rapid speed, park his vehicle partially on the sidewalk, and then quickly walk away. Under these circumstances, the police were justified in approaching the defendant and asking him for his license and registration *(see, People v Mathis,* 136 AD2d 746). The level of suspicion was quickly heightened by the defendant's immediate denial that he had been in the vehicle. During this conversation, the complainant passed by the scene, saw that the police had stopped the defendant and informed them that the defendant had robbed him several weeks earlier. Given the accusations against the defendant, the police had probable cause to arrest him *(see, People v Gonzalez,* 138 AD2d 622, *lv denied* 71 NY2d 1027). We further note that the defendant lacks the requisite standing to seek the suppression of physical evidence seized from a stolen vehicle *(see, People v Mercado,* 114 AD2d 377). Additionally, with respect to the identification testimony, there was no basis for suppression since the complainant testified that he knew the defendant from the neighborhood

prior to the robbery so that the subsequent identification of the defendant was merely confirmatory in nature *(see, People v Tas,* 51 NY2d 915; *People v Oglesby,* 137 AD2d 840, 842, *lv granted* 71 NY2d 972, *appeal dismissed* 72 NY2d 831, *rearg denied* 72 NY2d 953).

We further find that the defendant's sentence was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find that they are unpreserved for appellate review, without merit or dehors the record on appeal. Bracken, J. P., Eiber, Spatt and Rosenblatt, JJ., concur.