■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BLOOMFIELD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered on February 6, 1984, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Aiello, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

When the police officers saw the defendant and his companion pushing a stereo rack containing stereo components in a high-crime area known to be the scene of many burglaries, the officers properly made a minimally intrusive inquiry with respect to the ownership of the property (see, People v De Bour, 40 NY2d 210, 222-223; People v Medina, 107 AD2d 302; see also, People v Howard, 50 NY2d 583, 589-590, cert denied 449 US 1023). When he was first questioned by the officers from their car, the defendant asserted ownership of the property. This reply did not preclude the officers from exiting their car to continue their inquiry in the legitimate and justifiable exercise of their police function. When the defendant and his companion fled the scene upon being approached by the officers, abandoning what the defendant had claimed to be his property, the officers could reasonably conclude that criminal activity was afoot. Thus, they could forcibly stop and detain the defendant and his companion and, under the circumstances of this case, the attendant frisk was justified. Accordingly, the hearing court properly denied that branch of the

defendant's omnibus motion which was to suppress the property seized pursuant to that frisk *(see, People v De Bour, supra; see, People v Chestnut,* 51 NY2d 14).

The deliberate and immediate flight from the scene by the defendant and his companion constituted an abandonment of the property left behind. "Property which has in fact been abandoned is outside the protection of constitutional provisions" *(People v Howard,* 50 NY2d 583, 592, *supra; see also, People v Leung,* 68 NY2d 734). For this reason, the suppression of the stereo was not warranted and accordingly the hearing court was correct when it denied that branch of the defendant's omnibus motion.

We have examined the defendant's remaining contention and find that the value of the stolen property that was recovered was established by legally sufficient evidence *(see, People v James,* 111 AD2d 254, *affd* 67 NY2d 662; *People v Carter,* 19 NY2d 967, 968; *People v Supino,* 64 AD2d 720). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.