■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD ELSBERRY, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered August 10, 1987, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Arresting Officer Robert Arrington testified at the suppression hearing that on November 28, 1986, at about 9:40 P.M., while on patrol with his partner Police Officer Edwin Gibson, he was informed by his supervisor that a person named Leroy Green was wanted in connection with a homicide at a Queens housing project. Officer Arrington was further advised that Green was known to drive a red Subaru bearing license plate number 722 TBX and was armed and extremely dangerous. A physical description of Green was also provided. Within 10 minutes of receiving this information, Officer Arrington observed the red Subaru described to him with two males seated inside parked by the curb. He proceeded past the car, backed the patrol vehicle up to the rear of the Subaru and stopped. Officer Gibson approached the driver's side of the vehicle and directed Leroy Green, who was in the driver's seat, to get out of the vehicle. Meanwhile Officer Arrington approached the opposite side of the vehicle where the defendant was seated in the back. Officer Arrington directed the defendant to place his hands which had been in his waistband on the back of the front seat. After unsuccessfully attempting to open the rear door, Officer Arrington ordered the defendant to step out of the car. Before complying with the officer's demand, the defendant again placed his hands down in his waistband, whereupon Officer Arrington repeated his instruction that the defendant keep his hands visible. As the defendant exited the vehicle, Officer Arrington observed a gun tucked into his waistband.

After a hearing, the court denied that branch of the defendant's omnibus motion which was to suppress the gun, crediting the testimony of Officer Arrington and finding the officer's conduct to be reasonable. The defendant thereafter pleaded guilty.

We note that we are not concerned in this case with whether the police possessed the necessary predicate to warrant a stop of the vehicle. Because the vehicle in which the defendant was a passenger was already stopped, the officers needed only an articulable reason to make a reasonable

inquiry *(see, People v Harrison,* 57 NY2d 470, 475; *People v Blajeski,* 125 AD2d 582). This was supplied by the information provided by the officers' supervisor. Moreover, the officers, who were possessed of the knowledge that one of the occupants of the vehicle might be armed, together with Officer Arrington's observations of the defendant's hand movements, were justified, as a safety measure, in ordering the defendant to step out of the car *(see, People v Robinson,* 74 NY2d 773, 775; *People v McLaurin,* 70 NY2d 779, 781-782; *People v Livigni,* 58 NY2d 894, *affg* 88 AD2d 386 *on opn of Mangano, J., at App Div.).* Once the gun was sighted in the defendant's waistband, the officers had probable cause to arrest him. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.