■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE LIVERPOOL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered December 15, 1988, convicting him of criminal pos-

session of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not err by refusing to suppress physical evidence seized by the police. The arresting officer testified at the suppression hearing that while on patrol with his partner he observed a car which was poised to make a right-hand turn suddenly back down the one-way street from whence it had come and stop in a double-parked position. The officer followed the car by driving the wrong way down the one-way street and stopped the police car in a head-on position to the other car. As the officer exited his vehicle he observed the defendant, who had been a passenger in the backseat of the other vehicle, open the back door and step out of the vehicle. As the defendant did so, a brown bag dropped to the ground at his feet and he began to quickly walk away. The officer picked up the brown bag and looked inside. Upon seeing two clear plastic bags containing a white powder substance found to be cocaine, the officer pursued the defendant and placed him under arrest.

In the case at hand, we need not consider whether the police possessed the necessary predicate to warrant stopping the vehicle in the first instance. Because the vehicle in which the defendant was a passenger was already stopped prior to the police approach, the officer needed only an articulable reason to make a reasonable inquiry (see, People v Harrison, 57 NY2d 470, 475; People v Elsberry, 157 AD2d 848; People v Blajeski, 125 AD2d 582). Under the circumstances of the officer's initial observations, the police were justified in approaching the vehicle for the purpose of seeking information (see, People v Butler, 150 AD2d 789). In any event, the record supports the hearing court's determination that the defendant abandoned the paper bag containing the cocaine independently of any unlawful police action (see, People v Boodle, 47 NY2d 398, 404, cert denied 444 US 969; People v Greene, 150 AD2d 604, 605). "Issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous" (People v Armstead, 98 AD2d 726; see also, People v Garafolo, 44 AD2d 86). We see no reason to disturb the hearing court's determination on this matter. Suppression of the cocaine was properly denied. In the ab-

sence of any illegal police conduct, the defendant's statements to the police need not have been suppressed on the ground that they were tainted. We further conclude that the hearing court properly determined such statements to have been spontaneously made and therefore admissible *(see, People v Maerling,* 46 NY2d 289, 302-303).

Turning to the defendant's numerous claims of error in the prosecutor's summation, many of the remarks were not objected to and, therefore, the defendant's claims of error with respect thereto are not preserved for appellate review (CPL 470.05 [2]). In those instances in which objections were interposed and sustained, no further relief or curative instructions were requested, nor was a motion for a mistrial made, so that the court must be deemed to have corrected the errors to the defendant's satisfaction and any further claims of error are unpreserved *(see, People v Gibbs,* 59 NY2d 930, 932; *People v Medina,* 53 NY2d 951). In any event, the record does not support a conclusion that the prosecutor's remarks substantially prejudiced the defendant's trial or exceeded the bounds of permissible rhetorical comment *(see, People v Galloway,* 54 NY2d 396).

We have examined the defendant's remaining contentions and find that none warrants reversal of the defendant's conviction. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.