■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LACCONE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 24, 1989, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant, on appeal, challenges the propriety of the denial of his motion to suppress physical evidence and a statement made to the police following his arrest. He claims that the testimony of the arresting officer was incredible as a matter of law. It is, however, well settled that issues of credibility are primarily for the hearing court and its findings should not be disturbed unless they are clearly erroneous *(see, People v Armstead,* 98 AD2d 726).

Contrary to the defendant's contentions, we find that the record supports the hearing court's conclusion that the police properly stopped the vehicle which the defendant was driving after having witnessed the defendant violate various provisions of the Vehicle and Traffic Law *(see, People v Ingle,* 36 NY2d 413; *People v Allah,* 131 AD2d 765; *People v Robinson,* 115 AD2d 411). Once the defendant failed to produce his license, registration or insurance documentation, the police acted appropriately in ordering the defendant to exit the vehicle *(see, People v Reynolds,* 104 AD2d 611). The record, additionally, supports the conclusion that the observation by the police of what appeared to be marihuana protruding from the defendant's pocket, constituted a lawful predicate for the arrest and search of the defendant. This search resulted in the discovery and confiscation of a compound, which was later found to contain a quantity of cocaine.

We further find that the hearing court properly denied suppression of an inculpatory statement made by the defen-

dant to the police after his arrest since the statement was spontaneous and not in response to any custodial interrogation *(see, People v Theohary,* 142 AD2d 620; *People v Pileggi,* 141 AD2d 866; *People v Suarez,* 140 AD2d 558). Accordingly, the judgment of conviction is affirmed. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.