■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BROCKINGTON, Appellant.—Judgment unanimously affirmed. Memorandum: The record supports the determination of the suppression court that defendant was given *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436) prior to being questioned regarding his commission of a burglary in rural Monroe County. In resolving the conflict in the testimony, the court was empowered to credit the testimony of the questioning officer. "Issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous" *(People v Armstead,* 98 AD2d 726).

It is also clear in the record that the police had probable cause to arrest defendant. A detailed description of defendant and his vehicle was made on the police radio after he attempted to gain entry into a home in a rural area. Several minutes later, defendant's vehicle was seen in the driveway of another home in the area. The latter home had been forcibly entered and ransacked. Footprints in the snow led from the car to the house, and then to an area of open fields and woods behind the house. Defendant was apprehended when he emerged from the woods. Given the detailed description of defendant and his vehicle, and the physical and temporal proximity of the sightings, it was reasonable for the police to conclude that defendant was the person who sought entry at the first house, had burglarized the second house and had then attempted to avoid detection by entering the woods. Probable cause does not require proof beyond a reasonable doubt; it is "merely information sufficient to support a reasonable belief that an offense has been or is being committed" *(People v Bigelow,* 66 NY2d 417, 423) and "that the one arrested is [the] perpetrator" *(People v Carrasquillo,* 54 NY2d 248, 254). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—burglary, second degree.) Present—Dillon, P. J., Boomer, Pine, Lawton and Lowery, JJ.