■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN TORRES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, upon his plea of guilty, of criminal sale (Penal Law § 220.41 [1]) and criminal possession (Penal Law § 220.18 [1]) of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2]). Defendant contends on appeal that the People failed to meet their burden of establishing probable cause for his arrest because the arresting officer, Investigator Smith, failed to testify at the hearing, and that there was no proof that Smith was in radio contact with Investigator Shocken, who observed the sale of cocaine inside the house under surveillance. Following a combined *Mapp (see, Mapp v Ohio,* 367 US 643) and *Huntley (see, People v Huntley,* 15 NY2d 72) hearing, County Court concluded that the People had established probable cause for defendant's arrest "through the transmittal by Officer Schocken *[sic]* and the observations of Investigator Moffe (see, People v Petralia,* 62 NY2d 47, *cert den* 469 US 852)". The record at the hearing fully supports that conclusion (see, People v Amoateng,* 141 AD2d 398, *lv denied* 73 NY2d 852).

We further find no merit to defendant's contention that the People did not establish that his ex-wife knowingly and voluntarily consented to the search of her apartment. In resolving the conflict in the testimony, the hearing court was empowered to credit the testimony of the police officer over that of defendant's ex-wife (see, People v Brockington,* 166 AD2d 881).

Finally, defendant's statements made to the police and the property seized from him following his arrest were obtained within a short time after his arrest and were not the product

of any unnecessary delay in arraignment *(see,* CPL 140.20 [1]). Defendant's written confession, which was obtained following the overnight delay in arraignment, was properly suppressed by the court on other grounds. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.