■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 5, 1988, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. The

appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence seized from his mother's apartment should have been suppressed is meritless. The warrantless police entry into the apartment was justified under the emergency doctrine (see, People v Mitchell, 39 NY2d 173, 177-178, cert denied 426 US 953). The record reveals that the police responded to a radio call concerning a "barricaded perpetrator" at 211 Irvine Avenue. From the fire escape outside the kitchen window of that address, one of the officers observed the victim lying on the floor, bleeding profusely but still alive. The defendant was stabbing the victim. Based upon all of the information available to them, the police had reasonable grounds to believe that an emergency situation existed at that location and that there was an immediate need for assistance in order to save a life. The primary motivation in entering the apartment was clearly not to effect an arrest or to seize evidence.

Under the circumstances, the hearing court's refusal to suppress the fork seized in the course of disarming the defendant was proper. The other two forks, which were seized from the floor of the crime scene in plain view, were also admissible.

Furthermore, the defendant's claim that the police lacked probable cause to enter the apartment, since the officer transmitting the information justifying the entry did not testify at the suppression hearing, is also meritless. Where an officer relies upon information from another police officer who had personal knowledge of an offense, the testimony of the former is sufficient to justify a warrantless entry (see, People v Petralia, 62 NY2d 47, cert denied 469 US 852; People v Colvin, 144 AD2d 960). In the present case, the transmitting officer had personal knowledge of the victim's injuries since he was on the fire escape and saw that she was bleeding profusely.

Notwithstanding the defendant's claim of intoxication, the jury could still find that he was capable of and did form the requisite intent to be found guilty of assault in the first degree (see, People v Robinson, 161 AD2d 676). Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.