■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE JONES, Also Known as LOUIS C. REESE, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered October 6, 1988, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The record demonstrates that soon after receiving a radio transmission describing a man who had allegedly stolen a computer, a police officer observed the defendant walking on a nearby street. The defendant fit the physical description and was carrying a brown shopping bag as reported in the transmission. Upon seeing the passing police car, the defendant turned into a store, deposited the bag near a counter, and then exited. When met by the officer at the door and asked about the bag, the defendant replied: "What bag?" The officer then retrieved the bag from inside the store and found it to contain the stolen computer.

We find that the property was abandoned by the defendant *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Bloomfield,* 156 AD2d 572; *People v Greene,* 150 AD2d

604) and thus he no longer had a reasonable expectation of privacy in it at the time of the seizure. Consequently, the defendant lacked standing to challenge its introduction at trial *(see, People v Leung,* 68 NY2d 734; *People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.