■ In the Matter of LUTHER R., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (De Phillips, J.), dated November 30, 1988, which, upon a fact-finding order of the same court, dated October 24, 1988, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth, Title II, for a period not to exceed 18 months. The appeal brings up for review the fact-finding order dated October 24, 1988.

Ordered that the order of disposition is affirmed, without costs or disbursements.

While conducting surveillance alongside a park from an unmarked car and using "high power" binoculars, a police officer, a member of the Queens Tactical Narcotics Task Force, observed the appellant sitting on a park bench with Gerrard B., whose appeal is decided herewith (see, Matter of Gerrard B., 172 AD2d 660 [decided herewith]), and another companion. When an individual, later identified as Connolley, drove up in his car outside the park, the appellant approached him and they engaged in a short conversation. Thereafter, they both walked back to the park bench where the appellant's two companions were still seated. The officer observed Gerrard B. open the palm of his hand and reveal some vials to Connolley. Connolley handed some money to the third boy, and Gerrard B. then delivered the vials to Connolley. Connolley then returned to his car and drove off. The officer radioed his recovery team, which arrested Connolley and recovered four vials containing what was subsequently determined to be crack cocaine, from his left front pants pocket. Upon receiving word of the arrest from the recovery team, the officer arrested the appellant and his companions.

The appellant contends that there was no probable cause for his arrest. We disagree. The officer's observations supplied sufficient probable cause to arrest the appellant (see, Dunaway v New York, 442 US 200, 208; People v McRay, 51 NY2d 594, 602; United States v Resto, 824 F2d 210; United States v Giagoudakis, 693 F Supp 1414, affd 856 F2d 480).

We have considered the defendant's remaining contentions and find them to be without merit (see, People v Petralia, 62 NY2d 47, cert denied 469 US 852; People v Julian, 41 NY2d 340; People v Torres, 150 AD2d 816; People v Newman, 129 AD2d 742). Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.