■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RON RUSSO, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered January 13, 1989, convicting defendant, after jury trial, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of three to six years, unanimously affirmed.

Defendant's conviction arises out of his arrest for the street sale of valium to an undercover officer in exchange for prerecorded money. After the transaction was completed the undercover officer radioed detailed descriptions of the two suspects involved in the sale, including defendant. Defendant and his accomplice were located standing together a short distance from the location of the sale, and both of them possessed a portion of the "buy" money. After the arrest, the undercover officer made a drive-by confirmatory identification.

We reject defendant's claim that proof of the validity of the arrest required testimony by the undercover officer. It was unnecessary to call the undercover officer to testify, as the

testimony of the arresting officer established that defendant's arrest was supported by probable cause. *(People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852.) The undercover officer's radio report, which described each man's race and build and noteworthy features of his clothing, was sufficiently accurate and detailed to conclude conclusively that defendant and his companion were the persons whom the undercover had described. *(Cf., People v Carrasquillo,* 54 NY2d 248.) Further, the viewing by the undercover officer following defendant's arrest "occurred at a place and time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure" *(People v Wharton,* 74 NY2d 921, 922-923), and was not subject to the same standards of suggestiveness which would apply to an identification by a civilian witness.

Defendant also challenges his adjudication as a second felony offender, arguing that the court improperly denied his request for an adjournment to obtain the plea minutes of the prior case. However, the court's ruling that the plea minutes would not have helped defendant establish that he was not the person who was the subject of the disputed conviction was well founded. Counsel's representation that she had reviewed the file in preparation for trial serves to establish that defendant was not deprived of a reasonable opportunity to prepare his claim that he was not the person named in the earlier indictment.

The sentence imposed was not an abuse of discretion. Concur—Rosenberger, J. P., Kupferman, Kassal and Rubin, JJ.