■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CARRINGTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered April 11, 1990, convicting him of attempted criminal possession of a controlled substance in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Nicolai, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The testimony adduced at the suppression hearing revealed that on the night of July 5, 1989, Police Officers Kwechin and Itzla were patrolling an area in Yonkers known for narcotics activity. The officers stopped at 288 Riverdale Avenue as a result of several complaints of loitering and possible drug activity at that location. Officers Kwechin and Itzla observed a group of people, including the defendant, standing in front of a cluster of buildings. They parked, and in full uniform, exited their marked patrol vehicle. As the officers approached, they observed the defendant throw a clear plastic bag to the ground and run into the building. Officer Kwechin quickened his pace and, as he passed the plastic bag on the sidewalk, he saw that it contained two powdery white rocks which he believed to be cocaine. Officer Kwechin then pursued the defendant to the third-floor landing where he detained him. In the meantime, Itzla retrieved the plastic bag and observed the white chunks which he also believed to be cocaine. He, too, pursued the defendant and joined Kwechin on the third floor where the defendant was subsequently arrested.

Contrary to the defendant's contention, the police officers had an objective credible reason to approach him and their actions in attempting to do so were lawful *(see, People v De Bour,* 40 NY2d 210; *People v Torres,* 115 AD2d 93, 96). In any event, we find that the defendant's conduct in discarding the plastic bag containing cocaine constituted an abandonment *(see, People v Boodle,* 47 NY2d 398, 404, *cert denied,* 444 US 969; *People v Elliot,* 162 AD2d 609; *People v Kosciusko,* 149 AD2d 620; *People v Greaves,* 123 AD2d 445; *cf., People v Howard,* 50 NY2d 583, 593, *cert denied* 449 US 1023). Moreover, the police officer's testimony at the hearing was not inherently improbable or incredible so as to warrant this court to substitute its judgment for that of the Hearing Judge who saw and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Laccone,* 164 AD2d 897; *People v Amarillo,* 141 AD2d 551; *People v Villanueva,* 137 AD2d 852, 853; *People v Gee,* 104 AD2d 561). Thompson, J. P., Eiber, Miller and Ritter, JJ., concur.