■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ELDRIDGE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered April 6, 1990, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On the night of April 5, 1989, Yonkers Police Officers Edward Pollick and Michael Jones were on routine patrol in the vicinity of the Cottage Place Gardens Housing Project. The housing development was the site of much narcotics activity, and Officer Pollick had previously made a number of drug-related arrests at the location. Shortly before 11:00 P.M., the officers parked their marked patrol vehicle in front of Building No. 13 in the housing development, and from this location, they observed the defendant and a second, unidentified man standing in front of Building No. 9. The officers, who were about 50 feet away from the defendant and his companion, exited their patrol car and began to walk towards the two men. The two men then separated, and the defendant, who was looking in the direction of the uniformed officers, took several steps backwards. At this point, Officer Pollick, who was still about 30 feet away from the defendant, observed him drop a small brown paper bag from his left hand to the ground. Officer Pollick immediately retrieved the paper bag, and discovered that it was filled with vials containing a powdery white substance which he believed to be cocaine. Officer Pollick displayed the contents of the bag to his partner, and the officers placed the defendant under arrest.

Upon these facts, we find that the hearing court properly denied suppression of the paper bag and its contents. Contrary to the defendant's contention, the record establishes that his attempt to discard the paper bag containing cocaine before he was confronted by the police was an "independent act involv-

ing a calculated risk", and not a response to unlawful police conduct *(see, People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969; *see also, People v McCants,* 175 AD2d 847; *People v Carrington,* 174 AD2d 572; *People v Bailey,* 172 AD2d 163). The defendant's conduct in discarding the bag thus constituted an abandonment *(see, People v McCants, supra; People v Carrington, supra).*

We have examined the defendant's remaining contentions and find that they are without merit. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.