■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LOSADA, Appellant.

Contrary to the defendant's contention, his abandonment of the tin foil package subsequently found to contain a quantity of cocaine was not a spontaneous reaction to any unlawful police conduct, since the police did nothing more than follow and observe the defendant while he walked along a public street. Therefore, since the defendant abandoned the package independent of any unlawful police conduct, he no longer had a reasonable expectation of privacy in it (People v Howard, 50 NY2d 583, cert denied 449 US 1023; People v Jones, 171 AD2d 814), and the hearing court properly denied suppression (see, People v Leung, 68 NY2d 734; People v Liverpool, 160 AD2d 894; People v Greene, 150 AD2d 604).

Furthermore, during the suppression hearing, the defendant failed to raise his claim that the police interrogated him in violation of his right to remain silent. Therefore, this issue was not preserved for appellate review (People v Smith, 174 AD2d 701; People v Padilla, 133 AD2d 353). In any event, the record of the suppression hearing clearly establishes that the defendant made his inculpatory statement after a knowing, intelligent, and voluntary waiver of his right to remain silent (see, People v Hamilton, 138 AD2d 625). Therefore suppression was properly denied. Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.