■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH TOODLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered December 3, 1990, convicting him of attempted criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the court erroneously denied the branch of his omnibus motion which was to suppress physical evidence. The arresting officer had probable cause to place the defendant under arrest, based upon first-hand information transmitted by an undercover officer who stated to the arresting officer that he had personally observed the defendant in possession of numerous vials of crack cocaine (see, People v Rosario, 78 NY2d 583, cert denied — US —, 117 L Ed 2d 448; People v Petralia, 62 NY2d 47, cert denied 469 US 852; Matter of Luther R., 172 AD2d 672; People v Russo, 172 AD2d 295; People v Rivera, 170 AD2d 625).

Under such circumstances, probable cause may be demonstrated at a suppression hearing without requiring testimony from the observing, informing officer *(see, People v Petralia, supra; People v Russo, supra; People v Torres,* 170 AD2d 954; *People v Rivera, supra; People v Hunter,* 169 AD2d 538). As the defendant was arrested within one to two minutes after the undercover officer broadcast his observations to the arresting officer, and since the defendant was still at the location indicated and matched the description broadcast *(see, People v Zarzuela,* 141 AD2d 788), it was more likely than not that the defendant was the person observed by the undercover officer to be in possession of cocaine *(see, People v Ivory,* 160 AD2d 730).

In any event, the arresting officer clearly had an adequate foundation to exercise his common-law right of inquiry *(see, People v Hollman,* 79 NY2d 181). Before he could do so, however, and in response to only the officer's mere approach without any show of force, the defendant abandoned his bag of vials of crack cocaine by dropping it behind a fence and walking away *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Jones,* 171 AD2d 814; *People v Bloomfield,* 156 AD2d 572). As a result of this calculated act, which was not in response to any unlawful police activity, the defendant forfeited any expectation of privacy he may have theretofore had in the bag. Thus, suppression was, for this reason as well, properly denied *(see, People v Eldridge,* 178 AD2d 609; *People v McCants,* 175 AD2d 847; *People v Carrington,* 174 AD2d 572).

We have reviewed the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.