■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JAMES DOWNS, JR., Appellant. [627 NYS2d 756] —Appeal by the defendant from a judgment of the County Court, Putnam County (Sweeny, J.), rendered December 19, 1989, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in denying suppression of 56 vials of crack cocaine, which were all contained in one paper bag. Inasmuch as the bag was recovered a distance of several feet from the parked vehicle in which the defendant was a passenger and the defendant never asserted any property or possessory interest in this bag, suppression was properly denied since this property had been abandoned (see, People v Howard, 50 NY2d 583, 593, cert denied 449 US 1023; People v Boodle, 47 NY2d 398, 402-404, cert denied 444 US 969). Thus, no Fourth Amendment rights of the defendant were implicated

*(see, People v Bloomfield,* 156 AD2d 572, 573; *see also, People v Jones,* 171 AD2d 814, 815).

Because the police improperly questioned the defendant prior to advising him of his *Miranda* rights, his statements denying knowledge and ownership of the crack vials found in the paper bag should have been suppressed *(see, e.g., People v Stewart,* 41 NY2d 65, 70). However, the erroneous admission of these statements was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237-238).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.