■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CLANTON, Appellant. [633 NYS2d 188] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered March 26, 1991, convicting him of criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the Supreme Court correctly denied that branch of his omnibus motion which was to suppress physical evidence. Initially we note that the defendant's present contentions were not raised before the suppression court and are thus unpreserved for appellate review. In any event, the record establishes that the defendant abandoned the bag containing, *inter alia,* 20 vials of crack cocaine, upon the police officer's mere approach, unaccompanied by any show of force *(see, People v Toodles,* 184 AD2d 674). As a result of this calculated act, which was not in response to any unlawful police activity, the defendant forfeited any expectation of privacy he might have otherwise had in the bag *(People v Toodles, supra; People v McCants,* 175 AD2d 847; *People v Carrington,* 174 AD2d 572).

The defendant has failed to preserve for appellate review his contention that the People failed to adduce legally sufficient evidence that he was in knowing possession of an amount of cocaine in excess of 500 milligrams (Penal Law § 220.06 [5]; *see, People v Gray,* 86 NY2d 10; *People v Ryan,* 82 NY2d 497). In any event, his claim is meritless *(see, People v Sanchez,* 86 NY2d 27; *People v Miller,* 209 AD2d 187, *affd* 85 NY2d 962).

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, J. P., Thompson, Ritter and Krausman, JJ., concur.