■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MAZZA, Also Known as DARREN SICKLER, Appellant. [668 NYS2d 236] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), rendered March 7, 1995, convicting him of burglary in the second degree, petit larceny, possession of burglar's tools, and resisting arrest,

after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cowhey, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was observed by an off-duty member of the Town of Greenburgh police, walking across several properties on a residential cul-de-sac in Greenburgh. The officer, believing that the defendant might be "looking to break into one of the houses", communicated his observations to the Greenburgh Police Department. An unmarked car was dispatched to canvass the area, but the defendant was not located. However, a short time thereafter, he was observed walking along the shoulder of Forest Boulevard with an object cradled in his arms, and partially protruding from beneath his shirt.

The investigating officers approached the defendant and identified themselves. In response, the defendant removed a pillow case from beneath his shirt, dropped it, and started to run away. One of the officers pursued the defendant and a struggle ensued. A search of the pillow case revealed, *inter alia*, checks and credit cards bearing names corresponding to residents of a nearby house.

Contrary to the defendant's contentions, the investigating police officers' initial request for information from the defendant was adequately supported by an objective, credible reason (*see, People v Hollman*, 79 NY2d 181). In response to the officers' actions, unaccompanied by any show of force, the defendant abandoned the pillow case he was carrying by dropping it and attempting to flee. "As a result of this calculated act, which was not in response to any unlawful police activity, the defendant forfeited any expectation of privacy he might have theretofore had in the [pillow case]" (*People v Toodles*, 184 AD2d 674, 675; *cf., People v Boodle*, 47 NY2d 398, *cert denied* 444 US 969).

In any event, the foregoing facts and circumstances also justified the detention of the defendant for further investigative purposes (*see, People v Hicks*, 68 NY2d 234). Upon inspection of the contents of the pillow case, and discovery of a forced entry at the address listed on some of the items contained therein, probable cause existed to place the defendant under arrest (*see, People v McCants*, 175 AD2d 847; *People v Carrington*, 174 AD2d 572). Therefore, the defendant's motion to suppress the physical evidence recovered incident to his lawful arrest was properly denied.

We have reviewed defendant's remaining contentions and

find them to be without merit. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.